524 So.2d 10 (1988)
Linda BOLDEN
v.
Marshall Lee BOLDEN.
No. CA 86 1118.
Court of Appeal of Louisiana, First Circuit.
March 9, 1988.
Xenia H. Tillery, Baton Rouge, for plaintiff-appellant Linda Bolden.
John Morgan, Baton Rouge, for defendant-appellee Marshall Lee Bolden.
Before LOTTINGER, EDWARDS, CARTER, ALFORD and FOIL, JJ.
LOTTINGER, Judge.
Plaintiff, Linda Maloney Bolden, filed suit in September, 1981, for the partition of the community existing between herself and her husband, defendant, Marshall Lee Bolden. From the judgment granting the partition, plaintiff appeals.

FACTS
Plaintiff and defendant were married in August, 1978. A petition for separation was filed in November, 1980, and a judgment was signed in June, 1981. In September, 1981, plaintiff filed suit seeking the partition of the former community property regime. Both parties consented to a partition by licitation of the marital home and lot. However, the sheriff's sale was postponed at the plaintiff's request. Later, in January, 1986, plaintiff filed an amended petition for partition of the community property, as provided in La.R.S. 9:2801.

*11 TRIAL COURT
After a trial on the merits, the trial court awarded plaintiff ownership of the marital home and lot as well as $3,620.87 from the defendant. In determining the amounts due between the spouses, the trial court permitted an offset or credit for the occupancy of the home by each spouse during the pendency of the partition, citing Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir. 1985), writ denied 466 So.2d 470 (La.1985).

ASSIGNMENTS OF ERROR
In appealing, plaintiff contends the trial court erred in holding that defendant was entitled to an offset for the fair rental value of the community home while the plaintiff occupied it. Plaintiff contends that the trial court's decision to offset is statutorily prohibited. Plaintiff also asserts and properly filed a peremptory exception of prescription under La.Civ.Code art. 2369.
The trial court awarded the offset between the parties for their mutual occupancy of the marital home. Defendant occupied the home from January to August, 1981. Plaintiff occupied the home from August, 1981 through May, 1986. The trial court noted, in its oral reasons for judgment, that the offset was due both parties "if the court is correct in its interpretation of Patin v. Patin."

I
In Patin, after the alimony hearing, the wife was awarded the use of the family domicile up to and until the partition of the community. No mention of rental was made in the alimony judgment. In the subsequent partition judgment, the husband was awarded an offset for the wife's use and occupancy of the marital home from the date of legal separation until the partition of the community property. The appellate court determined that, based on La.Civ.Code arts. 2364 and 2369, the separate property of the wife was enhanced by her use of the marital home. As stated by that court, "[t]he funds that she [the wife] would have been forced to pay as rent have remained in her control for investment purposes." Patin, 462 So.2d at 1358. Thus, the wife's separate property benefitted from the alleviation of her having to pay rent.
A thorough review of existing case law in this circuit fails to show that Patin is controlling. As recent as Williams v. Williams, 509 So.2d 77, 79 (La.App. 1st Cir.1987), in a case where the trial court found the husband indebted to the wife for one-half of the rental value of the family home, this court in reversing that portion of the judgment said:
Upon termination of the community between a husband and wife, the two parties become owners in indivision of the immovable property which had belonged to the community. Each owner in indivision is entitled to possess or use the common property without the obligation to pay rent therefor, provided that such possession or use is not to the exclusion of his co-owner. (citations omitted).
Also in Michel v. Michel, 484 So.2d 829, 830 (La.App. 1st Cir.1986), this court determined that rental payments may not be used as an offset for reimbursement at the accounting when the community regime is terminated. This court stated that:
"LSA-C.C. Article 155 provides that the Judgment of Separation carries with it the dissolution of the community of acquets and gains and thereafter the parties occupy the status of co-owners of the property. The general rule of law is to the effect that a co-owner has the right to use the common property without the payment of rent." (citation omitted).
Although the co-owner was denied use and occupancy of the marital home, the court found that the co-owner's remedy was to seek a partition by licitation of the property in dispute. The court concluded that "the law is well settled a co-owner can not be charged rent." Michel, 484 So.2d at 831.
The judgment for separation from bed and board creates the dissolution of the community of acquets and gains and the parties thereafter occupied the status of co-owners of the property. The parties became *12 owners in indivision of the marital home in November, 1980. As co-owners in indivision, each is entitled to the use, enjoyment, and disposition of the property within the limits established by law. La.Civ. Code arts. 477 and 480. A corollary right permits the use and occupancy of the property by the co-owner without the payment of rent.
Defendant contends that La.Civ.Code arts. 2364 and 2366 permit reimbursements when the community property regime is terminated. Defendant argues that plaintiff's separate estate benefitted from her use of the marital home. As stated in defendant's brief, "Mrs. Bolden's use of the community home has benefited her separate estate in that it was not necessary to expend funds from her separate estate."
Defendant's contention lacks merit. As stated earlier, the indivision ownership of the community home entitles both plaintiff and defendant to the use and occupancy of the home. At the point the community regime terminated, November, 1980, plaintiff retained indivision ownership with defendant over the marital home. The home, thus, became an immovable owned by the two separate estates, with full rights and entitlements to the home's use and occupancy. Thus, a co-owner is not required to pay rent to the other co-owner for the use and occupancy of the undivided property.
This court also notes that the Patin rule has been subsequently repudiated by the Louisiana Legislature by its enactment of La.R.S. 9:308(B) (Act 732 of the 1985 Regular Session).[1] La.R.S. 9:308(B) provides:
B. A spouse awarded the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
We are of the opinion that the Louisiana Legislature intended that a spouse who is awarded the use and occupancy of the marital home by the trial court pending the judicial partition shall not be liable to the other spouse for rental payments on the home unless ordered to pay by the trial court at the time of the award of use and occupancy. Any other interpretation of the statute such as an after-the-fact award of payment would be an affirmation of the Patin rule and would render the statute meaningless. If the legislature had concurred with the holding of Patin, then there would have been no need to enact Act 732 of the 1985 Regular Session. Therefore, the trial court was incorrect in requiring both parties to reimburse each other for their use and occupancy of the marital home. Thus, those credits granted by the trial court are alleviated.
Thus, because of our alleviation of the offset rental payments by the trial court, the judgment in favor of the plaintiff as against the defendant is amended. As stipulated or agreed by both parties, plaintiff is entitled to $26,428.26 in reimbursements from defendant for payment of certain debts owed on the immovable property as well as a credit for movables.

II
Plaintiff also filed a motion asserting the peremptory exception raising the objection of prescription, La.Civ.Code art. 2369. Article 2369 provides that the obligation to account between spouses for community property prescribes in three years from the date of the community regime's termination.
However, because of our determination as to the rental payments, we pretermit any discussion of the application of Art. 2369 to an accounting for such payments.
THEREFORE, for the above and foregoing reasons, the judgment of the trial court is amended and recast as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be a partition of the community of acquets and gains formerly existing between Plaintiff Linda Maloney *13 Bolden and Defendant Marshall Lee Bolden.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff Linda Maloney Bolden is declared the owner of Lot 58, Old Jefferson First Filing, Parish of East Baton Rouge, State of Louisiana.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Marshall Lee Bolden is the owner of the movable property in his possession that formerly belonged to the community of acquets and gains existing between Marshall Lee Bolden and Linda Maloney Bolden and that Linda Maloney Bolden is the owner of the movable property in her possession that formerly belonged to the community of acquets and gains existing between Linda Maloney Bolden and Marshall Lee Bolden.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there is judgment in favor of Plaintiff Linda Maloney Bolden and against Defendant Marshall Lee Bolden in the sum of Twenty-six Thousand Four Hundred Twenty-eight and 26/100 ($26,428.26) Dollars. Defendant appellee is assessed all costs of this proceeding.
AMENDED AND AFFIRMED.
EDWARDS, J., dissents in part and assigns reasons.
EDWARDS, Judge, dissenting in part.
I disagree with the majority's reversal of the trial court's holding that the defendant was entitled to an offset for the fair rental value of the community home while plaintiff occupied it.
The majority opinion's repeated statement that co-owners are each entitled to use and occupy the property belies the true factual situation in a marital separation.
Louisiana Revised Statutes 9:308(B) allows the court to make the spouse using the family residence liable to the other spouse for rent. I agree with LeBlanc v. LeBlanc, 490 So.2d 763 (La.App. 3d Cir. 1986), writ denied 494 So.2d 332 (La.1986).
NOTES
[1] The judgment appealed was rendered on June 23, 1986. Thus, La.R.S. 9:308(B) as amended by Act 732 of 1985 is controlling, rather than R.S. 9:308(B) as amended by Act 678 of 1986.