552 So.2d 405 (1989)
Vina E. WOCHOMURKA
v.
Ronald E. WOCHOMURKA.
No. CA 88-1506.
Court of Appeal of Louisiana, First Circuit.
September 28, 1989.
G. Brice Jones, Slidell, for plaintiff, appellant.
Robert C. Brandt, Slidell, for defendant, appellee.
Before CARTER, SAVOIE and ALFORD, JJ.
PER CURIAM.
The issue on appeal is whether the trial court erred in ruling that the defendant was entitled to reimbursement for the rental value of the community home while it was occupied by the plaintiff.
The community property regime between the plaintiff, Vina Wochomurka, and defendant, Ronald Wochomurka, was terminated on August 7, 1980, the date the petition for separation was filed. The parties agreed that Ms. Wochomurka would be allowed to remain in the family home and make payments on the house. Ms. Wochomurka subsequently filed a petition for partition of the community property as provided for by Louisiana Revised Statutes Title 9, section 2801.
After trial on the merits, the trial court awarded the family home to Ms. Wochomurka. In determining the amounts due between the parties, the trial court permitted an offset to Mr. Wochomurka for the occupancy of the home by his wife, citing Patin v. Patin, 462 So.2d 1356 (La.App. 3d Cir.1985), writ denied, 466 So.2d 470 (La. 1985) and Derouen v. Derouen, 496 So.2d 1341 (La.App. 3d Cir.1986), reversed on other grounds, 502 So.2d 105 (La.1987). The offset was based on one-half of the rental value of the home from the time of the dissolution of the community to September 1, 1985[1] the effective date of the amendment to Louisiana Revised Statutes Title 9, section 308, by Act 732 of 1985. (The statute is discussed below.) Ms. Wochomurka appeals.
Relying on Bolden v. Bolden, 524 So.2d 10 (La.App. 1st Cir.1988), Ms. Wochomurka *406 argues that her husband is not entitled to reimbursement of the rental value of the marital home pending partition. We agree.
The Bolden case presented a factual situation similar to the one presently before the court. In that proceeding, this court held that once the community of acquets and gains has been dissolved by separation, the spouses become owners in indivision of the marital home. As such, the spouses are entitled to the use, enjoyment and disposition of the property. Louisiana Civil Code articles 477, 480. However, as owners in indivision, or co-owners, the spouses can not be charged rent. Bolden, supra; Williams v. Williams, 509 So.2d 77 (La. App. 1st Cir.1987); Michel v. Michel, 484 So.2d 829 (La.App. 1st Cir.1986).
Relying on Burrell v. Burrell, 518 So.2d 569 (La.App. 4th Cir.1987), Mr. Wochomurka argues that a district court has the discretion under Louisiana Revised Statutes Title 9, section 308 to award a non-resident spouse a reasonable rental credit for the other spouse's use of the family home. Louisiana Revised Statutes Title 9, section 308 was amended by Act 732 of 1985 to add Section (B) which provides as follows:
B. A spouse awarded the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Act 678 of the 1986 Legislative Session further amended Louisiana Revised Statutes Title 9, section 308(B) to provide that a spouse who uses and occupies the family home pending partition of the community shall not be liable to the other spouse for rental unless the spouses otherwise agree or the court so orders.
The Fourth Circuit, in Burrell, supra, denied rental reimbursement due to the factual situation, but held that these amendments legislatively overruled the earlier decisions denying reimbursement and that the courts now have the discretion to assess rent. It further held that because the amendments are remedial or curative in nature, they could be applied retroactively in partition actions. Mr. Wochomurka argues that it was within the trial court's discretion to award reimbursement for the rental value prior to the effective date of Act 732.
Alternatively, Mr. Wochomurka argues that, based on the Patin decision, the court was required to award rental reimbursement prior to the effective date of Act 732. The Third Circuit, in Patin, held that the wife was properly charged for her use of the community home pending partition. The trial court relied on Derouen, supra, which found that Patin, supra, is controlling prior to the effective date of Act 732.
By its enactment of Act 732, the Louisiana legislature intended that a spouse who is awarded the use and occupancy of the marital home pending the judicial partition, shall not be liable to the other spouse for rental payments on the home unless ordered to pay by the trial court at the time of the award of use and occupancy. Bolden, supra. Similarly, the legislative intent in the enactment of act 678 is that the spouse who uses and occupies the family home pending partition is not liable for rent unless the spouses agree or unless ordered to pay by the trial court at the time of the initial agreement on use.[2] The court in Bolden did not reach the issue of the retroactive application of Louisiana Revised Statutes Title 9, section 308(B). We need not reach that issue either as, there was no agreement by the parties or court order requiring rental payments on the home. The general rule of law that a co-owner has the right to use the common property without the payment of rent is controlling in this case.
Therefore, for the above and foregoing reasons, we reverse and set aside that portion of the judgment which requires that Vina E. Wochomurka reimburse Ronald E. *407 Wochomurka for her use and occupancy of the community home. That portion of the judgment is recast as follows: (4) The court finds that Ronald E. Wochomurka is not entitled to receive one-half of the rental value of the community home from Vina E. Wochomurka from the date of separation until September 6, 1985. Costs are to be paid by appellee. In all other aspects, the judgment is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Although the trial court used September 1, 1985 as the effective date of Act 732, the actual effective date is September 6, 1985.
[2] Louisiana Revised Statutes Title 9, section 308 was further amended by Act 800 of 1989 and Section 308(B) became Section 308(C). The substance of that section was not changed and does not affect our decision in this case.