583 So.2d 87 (1991)
Lydia Denise Lasalle ROZIER, Plaintiff-Appellee,
v.
Sterling Francis ROZIER, Defendant-Appellant.
No. 90-23.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*88 Perrin, Landry Donald D. Landry, Lafayette, and Wm. R. Collings, New Iberia, for plaintiff-appellee.
Thompson & Sellers, Jan F. Rowe, Roger C. Sellers, Abbeville, and J. Nathan Stansbury, Lafayette, for defendant-appellant.
Before STOKER, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Plaintiff, Lydia Denise Lasalle Rozier, and defendant, Sterling Francis Rozier, were married on September 12, 1959. On March 22, 1983, plaintiff filed a petition for divorce in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. A judgment of divorce was rendered on January 9, 1984. Thereafter, on September 2, 1987, plaintiff filed a petition to partition community property. Both parties filed sworn descriptive lists and an appraiser was appointed by the court to appraise the parties' home located at 132 Tournoir Street, Lafayette, Louisiana. A hearing was held on the petition to partition property on June 30, 1989. At the hearing, the parties stipulated to all the issues except for the partition of the family home. Defendant made a claim for mortgage payments made on the home and plaintiff made a claim for rentals for the period of time that the house was occupied by defendant.
In a minute entry dated August 8, 1989, the trial judge awarded defendant the family home and ordered him to assume the mortgage obligation on the house, which amounted to $4,085.11. The trial judge also ordered the community to reimburse defendant $85.18 per month for 75 months (a total of $6,388.50) for payments defendant made on the note on the family home. Additionally, the court awarded rental for the family home in the amount of $200.00 per month for 75 months (a total of $15,000.00) in favor of the community and against defendant. The community was valued at $26,526.39. The minute entry also provided that if defendant decides to keep the family home, he will have to pay plaintiff her half of the community and assume the mortgage obligation on the home. In the alternative, if defendant decides to sell the home, the community would be divided with defendant owing the community $15,000.00 in rent and the community owing him $6,388.50 in mortgage payments.
Defendant now appeals, contending that the trial judge erred in ordering defendant to reimburse the community for the rental value of the community home, and in failing to deduct from the value of the community home certain alleged improvements defendant made after the termination of the community with his separate funds. Defendant also filed in this court a peremptory exception of prescription. We affirm.

PRESCRIPTION
We will first address defendant's exception of prescription, which was properly filed in this court pursuant to LSA-C.C.P. art. 2163. Defendant argues that the plaintiff's claim for rent has prescribed under LSA-C.C. art. 2369, or, in the alternative, under LSA-C.C. art. 3494. We find no merit to this argument.
LSA-C.C. art. 2369 provides for a three year prescriptive period for the spousal obligation to account. The article states:

*89 "A spouse owes an accounting to the other spouse for community property under his control at the termination of the community property regime.
The obligation to account prescribes in three years from the date of termination of the community property regime."
Defendant contends that since the community was terminated retroactive to the date of the filing of the petition for divorce, which took place on March 22, 1983, see LSA-C.C. art. 2375, this suit to account for rentals, which was filed on September 2, 1987, has prescribed. However, we find that LSA-C.C. art. 2369 has no application in this case. The jurisprudence construing this article has held that the three year prescriptive period applies to acts occurring on property under the control of a spouse during the existence of the community property regime. Oliver v. Oliver, 561 So.2d 908 (La.App. 2d Cir.1990); Huckabay v. Huckabay, 485 So.2d 165 (La.App. 2d Cir.1986). There is no dispute as to the fact that the rentals incurred by defendant from his exclusive occupation of the family home arose after the termination of the community property regime. Furthermore, we point out that plaintiff's suit is for judicial partition of the community property and the action of partition is not subject to an exception of liberative prescription. Lococo v. Lococo, 462 So.2d 893 (La.App. 4th Cir.1984), writ denied, 462 So.2d 889 (La.1985); Nix v. Nix, 385 So.2d 503 (La. App. 1st Cir.1980); Rasbury v. Baudier, 370 So.2d 659 (La.App. 4th Cir.1979).
We similarly find that LSA-C.C. art. 3494 is not applicable to the instant case. That article provides, in relevant part that:
"The following actions are subject to a liberative prescription of three years:
* * * * * *
(2) An action for arrearages of rent...."
* * * * * *
In Maggio v. Papa, 206 La. 38, 18 So.2d 645 (1944), the Louisiana Supreme Court held that a suit for accounting of rents received from community property is not subject to the liberative prescription of three years. The Court stated:
"... the present action is one for an accounting and not for rent within the meaning and contemplation of the law and, therefore, not prescribed by three years."
Maggio, 18 So.2d at 649. Plaintiff in the instant case also seeks an accounting and we likewise determine that LSA-C.C. art. 3494 does not apply.
We conclude that plaintiff's action has not prescribed by the three year prescriptive period as provided for in either LSA-C.C. art. 2369 or art. 3494.

RENT
Defendant argues that the trial judge erred in assessing him with rent for the period of time after the termination of the community in which he occupied the family home alone. The record establishes that the defendant used and occupied the family home to plaintiff's exclusion from the date of the filing of the petition for divorce to the date of the hearing on the suit for partition.
The statutory authority for charging a spouse with the rental value of the family home during his exclusive use and occupancy of it is found in LSA-R.S. 9:374[1], which provides in pertinent part:
* * * * * *
"C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court."
* * * * * *
In Burrell v. Burrell, 518 So.2d 569 (La. App. 4th Cir.1987), the Fourth Circuit held that the predecessor to this provision, LSA-R.S. 9:308(B), as amended in 1986, *90 was remedial or curative in nature and thus could be applied retroactively to partition actions involving a spouse who occupied the family home without a court order before the effective date of the amendment. Since LSA-R.S. 9:308(B), as amended in 1986, and LSA-R.S. 9:374 are identical in content, we determine that LSA-R.S. 9:374 should be applied retroactively.
This court and our brethren in the Fourth Circuit have held that a decision to award rent to a non-occupant spouse rests soundly within the discretion of the trial judge. Starr v. Starr, 557 So.2d 1026 (La. App. 4th Cir.1990); Landwehr v. Landwehr, 547 So.2d 752 (La.App. 4th Cir.1989); LeBlanc v. LeBlanc, 490 So.2d 763 (La. App. 3d Cir.), writ denied, 494 So.2d 332 (La.1986); but cf. Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir. 1989); Bolden v. Bolden, 524 So.2d 10 (La. App. 1st Cir.1988). The trial judge assessed the defendant with a $200.00 per month rental charge for the period he occupied the home alone after the termination of the community (a total of 75 months). We find no abuse of discretion in this award.
Defendant argues that he should not be charged with rent because there was no court order awarding his exclusive use or occupancy of the home and there was no evidence presented which would indicate that plaintiff sought to live in the home or obtain the use and occupancy of it. However, we note that the statute does not require an award of use and occupancy, it merely requires that the spouse use and occupy the home. Additionally, there is no requirement in the statute that the non-occupying spouse attempt to obtain the use and occupancy of the house before the spouse can be awarded rentals; again, the statute only requires that a spouse use and occupy the home. Consequently, we find that defendant's argument lacks merit.

VALUE OF THE HOME
Lastly, defendant alleges that the trial judge erred in failing to deduct from the value placed on the family home certain sums expended by defendant for improvements to the home made after the termination of the community. The home was appraised by Carroll J. Crouchet, Oil City Appraisals, Lafayette, Louisiana, at $22,000.00. The parties stipulated that this was the correct value to be placed on the home at the time of the trial of this matter. Defendant alleged at the hearing that this $22,000.00 appraisal included improvements he made to the home out of his separate funds subsequent to the termination of the community. Defendant contends that the improvements were valued at $1,600.00. Defendant argues that it was error for the trial judge not to reduce the value of the home by $1,600.00 for the improvements he made and would have this court grant him a credit against the value of the home.
LSA-R.S. 9:2801(4)(a) requires that the assets in a community property partition be valued as of the time of trial. In this case, the trial judge had the opportunity to examine and consider the alleged improvements made by the defendant. It is obvious that he found that defendant failed to meet his burden of proving these improvements and they were not included in the judgment of partition. We find no manifest error in this decision.

DECREE
For the assigned reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendant, Sterling Francis Rozier.
AFFIRMED.
NOTES
[1] Added by Acts 1990, No. 1009, Sec. 7, eff. Jan. 1, 1991.