GONZALES, Judge,
concurring.
I concur in the majority opinion, and offer the following additional reasons.
This court has previously held in the cases of Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir.1989) and Bolden v. Bolden, 524 So.2d 10 (La.App. 1st Cir.1988), that rental for use and occupancy of the marital domicile cannot be *938 awarded at a later partition proceeding unless previously ordered by the [family][1] court at the time of the award of use and occupancy. Thus, only the family or “divorce” court has jurisdiction to order the payment of rental for use and occupancy. The issue has not yet been decided whether the amount actually credited by the district court in the partition proceeding can be adjusted; however, it is now well-established that only the family court can decide whether rental payments will be owed at all. Implicit in that holding is the finding that the family court awarding rental for use and occupancy has jurisdiction to decide the issue. The position that the “court” designated in former La.R.S. 9:308(C.) as the only court which can order the payment of rental for use and occupancy, is the family or “divorce” court, is bolstered by the language of paragraph (B.) of that article:
When the family residence is community property, after the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home and the use of community movables or immovables in awarding alimony or child support.
Obviously, the considerations enumerated in this paragraph are items traditionally considered only by the divorce or family court. Moreover, this article appears in Title 9, Code Title V — OF SEPARATION FROM BED AND BOARD AND OF DIVORCE, Chapter 1. SEPARATION FROM BED AND BOARD AND DIVORCE,[2] a subject matter which clearly addresses itself to the court granting separation and divorce, i.e., the family court in East Baton Rouge Parish.
Accordingly, I concur in the majority reversal of the family court finding of a lack of jurisdiction to fix fair rental value of the family residence allotted to the wife’s exclusive use.

. In East Baton Rouge Parish, the Family Court has jurisdiction over divorce proceedings under La.R.S. 13:1401, as compared to jurisdiction in the District Court for all other parishes.

. Acts 1990, No. 1009, § 7, renumbered 9:308 as 9:374, and rewrote the heading of this Code Title and Chapter 1 to read "Divorce”.