605 So.2d 689 (1992)
Larry J. JONES, Sr., Plaintiff-Appellee,
v.
Judith M. JONES, Defendant-Appellant.
No. 23809-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Writ Denied November 20, 1992.
*690 William H. Ledbetter, Bossier City, for defendant-appellant.
Mills, Timmons & Flowers by David C. Turansky, for plaintiff-appellee.
Before MARVIN, HIGHTOWER, VICTORY, BROWN and STEWART, JJ.
VICTORY, Judge.
This is a suit to partition the former matrimonial residence of Larry Jones and Judith Jones. Mrs. Jones appeals the trial court's award of one-half the equity in the home to Mr. Jones, claiming she should have been reimbursed for mortgage payments and other expenses spent on the home after termination of the community and before partition. We reverse in part, and affirm in part.

FACTS
Larry Jones and his wife, Judy Jones, obtained a judgment of separation on January 27, 1983, which terminated the community of acquets and gains retroactive to the date of original filing, December 6, 1982. The separation judgment provided that Mrs. Jones retain the use of the family home for herself and the two minor children "until such time as either an agreement of partition or a judgment of partition be entered into." Judgment of divorce was signed on September 6, 1984.
On November 9, 1990, Mr. Jones instituted this suit to partition the home. Mrs. Jones responded to the petition with an answer seeking reimbursement of $29,011.72 for principal, interest, and real estate taxes, and $3,779.52 for other maintenance expenditures she made following the termination of the community regime. The monthly note had been approximately $300 per month, and the outstanding balance due on the mortgage at the time of trial was $23,718.00.
At trial on March 25, 1991, two real estate appraisers were qualified as experts and testified as to the value of the home. Mr. Jones's expert valued the home at $57,000, and Mrs. Jones's expert assigned a value of $52,500. The trial court averaged the appraisals and fixed the value of the home at $54,750, a finding neither party appeals.
In a written opinion, the court rejected Mrs. Jones's request for reimbursement of various maintenance expenses. The court reasoned that Mrs. Jones had lived in the home for nine years, and should expect to "keep up" the property as part of her occupancy, finding the repairs to be neither extraordinary nor unusual.
In addition, the court rejected Mrs. Jones's request for a credit for house payments, *691 reasoning Mrs. Jones had the use of the home for nine years without the payment of rent. The court found that any burden Mrs. Jones incurred from the house notes was offset by her use of the home. The court noted that the house payments of $300 a month were below the reasonable rental value, which the expert appraisers claimed should be between $500 and $600. Even though the court stated it was aware of LSA-R.S. 9:374(C), which prohibits the payment of rent by an occupying spouse unless there is an agreement or a court order to the contrary, it found it was bound to render a judgment that was fair and equitable to both parties. According to the court, to give Mrs. Jones credit for the house payments, yet not count her occupancy as a credit to Mr. Jones, would be patently unfair.
The court calculated the property division as follows:

House Value $ 54,750.00
Mortgage Payoff - 23,718.00
 ____________
Combined Equity 31,032.00
 × .50
 ____________
Mr. Jones's Equity $ 15,516.00

Based upon this calculation, the court ordered Mrs. Jones to pay Mr. Jones $15,516 as his equitable share and she was awarded complete ownership of the home.
Mrs. Jones appeals the judgment claiming the trial court erred (1) in refusing reimbursement for the principal, interest, and taxes paid on the home subsequent to dissolution of the community, and (2) in refusing reimbursement for certain other expenditures on the home.

MORTGAGE AND RENTAL PAYMENTS
Mrs. Jones argues that the trial judge was manifestly wrong in considering rental payments for her occupancy in light of LSA-R.S. 9:374, formerly LSA-R.S. 9:308. Although the trial court did not specifically state that Mrs. Jones owed Mr. Jones rental payments for her use of the home, it refused to credit one-half of the house payments made by Mrs. Jones, finding that her occupancy offset any amount owed by Mr. Jones. Mrs. Jones argues in brief that the parties never agreed that she would pay rent for the use of the home and that her occupancy was considered when child support was set at only $400.[1]
Since the trial judge clearly took rental value of the home into account in denying Mrs. Jones the reimbursements for house payments, the issue on appeal is whether she was obligated to pay rent for occupying the community home after the termination of the regime and before partition, an issue that appears to be res nova in this circuit.
Prior to the enactment of former LSA-R.S. 9:308, Louisiana courts held that following the termination of the community, a non-occupying spouse was not entitled to receive rent for the other spouse's use and occupancy of the family home pending the partition of the community unless the use of the family home was to the exclusion of the non-occupying spouse. Williams v. Williams, 509 So.2d 77 (La.App. 1st Cir. 1987); Michel v. Michel, 484 So.2d 829 (La. App. 1st Cir.1986); Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1981). However, on an unjust enrichment rationale, the Third Circuit affirmed a lower court's award of a credit for one-half of the rental value of the family home to the non-occupying spouse for the other spouse's use and occupancy of the family home. See Patin v. Patin, 462 So.2d 1356 (La.App. 3d Cir. 1985), writ denied 466 So.2d 470 (La.1985).
LSA-R.S. 9:308[2] was amended by Act 732 of 1985 to add Section (B) which provides as follows:
B. A spouse awarded the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other *692 spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Act 678 of the 1986 Legislative Session further amended LSA-R.S. 9:308(B) to provide that a spouse who "uses and occupies or is awarded by the court the use and occupancy" of the family home pending partition of the community shall not be liable to the other spouse for rental unless the spouses otherwise agree, or the court so orders.
Relying upon the First Circuit decisions of Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir.1989) and Bolden v. Bolden, 524 So.2d 10 (La.App. 1st Cir.1988), Mrs. Jones argues that her husband is not entitled to an offset of the rental value of the marital home pending partition. We agree.
Both of the aforementioned cases present factual situations similar to the one presently before the court. In those proceedings, it was held that once the community of acquets and gains has been dissolved by separation, the spouses become co-owners, or owners in indivision, of the marital home. As such, the spouses are entitled to the use, enjoyment, and disposition of the property. LSA-C.C. Arts. 477 and 480. A corollary right permits the use and occupancy of the property by the coowner without the payment of rent. Bolden v. Bolden, supra; Wochomurka v. Wochomurka, supra; Williams v. Williams, supra; Michel v. Michel, supra.
Appellee argues that the requirement of rental payments due a non-occupying spouse lies within the discretion of the trial court judge, citing LSA-R.S. 9:2801 and LSA-R.S. 9:374. Mr. Jones cites language from Mara v. Mara, 513 So.2d 1220 (La. App. 4th Cir.1987), writ denied, 517 So.2d 813 (La.1988) evidencing the Fourth Circuit's position on this issue:
Any prior decisions which denied reimbursement of rental value to the nonoccupying spouse have been legislatively overruled by R.S. 9:308(B), now leaving the assessment of a rental factor to the discretion of the courts. 513 So.2d at 1223.
Appellee also directs this court to a recent Third Circuit decision, which applied LSA-R.S. 9:374 retroactively and held that a decision to award rent to a non-occupant spouse rests soundly within the discretion of the trial judge. See Rozier v. Rozier, 583 So.2d 87 (La.App. 3d Cir.1991).[3]
Appellee's argument is based on an interpretation of the last phrase of the present LSA-R.S. 9:374(C): "... unless otherwise agreed by the spouses or ordered by the court." Relying upon Third, Fourth and Fifth Circuit decisions,[4] appellee contends that a court has the discretion to award rental payments to an non-occupying spouse at the time of partition. However, we hold that the First Circuit's interpretation of this phrase in Bolden v. Bolden more accurately reflects the legislature's intent:
We are of the opinion that the Louisiana Legislature intended that a spouse who is awarded the use and occupancy of the marital home by the trial court pending the judicial partition shall not be liable to the other spouse for rental payments on the home unless ordered to pay by the trial court at the time of the award of use and occupancy. Any other interpretation of the statute such as an after-the-fact award of payment would be an affirmation of the Patin rule and would render the statute meaningless. If the legislature had concurred with the holding of Patin, then there would have been no *693 need to enact Act 732 of the 1985 Regular Session. Therefore, the trial court was incorrect in requiring both parties to reimburse each other for their use and occupancy of the marital home. Bolden v. Bolden, supra at p. 12.
Spouses who agree at the time of partition for the payment of rent are not in dispute, rendering that part of the phrase meaningless. Thus, the phrase must mean that any agreement for rent should be at the time of the award of use and occupancy. Therefore, it is logical to conclude that if the court chooses to order rental payments, the order must also be at the time of the award of use and occupancy when such payments could be taken into consideration in setting alimony and/or child support. If the party ordered to pay the rent disagrees with the order, he or she can appeal the ruling at that time, or perhaps elect to vacate the premises and obtain judicial relief from paying the rent. We do not believe the legislature intended to give a trial court blanket discretion to order retroactive rental payments at the time of partition, which might be years after the use and occupancy award.
Appellee also asserts that LSA-R.S. 9:2801 authorizes the trial court much discretion in reaching a fair partition. We agree that the goal of this statute is an equitable and equal division of community assets and liabilities, and that the trial court has great discretion in effecting a fair partition. Nevertheless, the trial judge's discretion is not without limits, and he may not choose to disregard a legitimate liability of one ex-spouse to the other. In the instant case, appellant has proven the amount spent from her separate property on the house payments, and is clearly entitled to be reimbursed one-half of that amount. LSA-C.C. Art. 2365. However, appellant is not liable for rental payments because it was not agreed to, or ordered by the court, at the time she was granted use and occupancy of the family home. Therefore, the amount awarded to Mr. Jones by the trial court must be reduced from $15,516 to $1,010.14 to reflect a credit for one-half the payments Mrs. Jones made on the home. (One-half of $29,011.72 = $14,505.86). See Freeman v. Freeman, 552 So.2d 636 (La.App. 2d Cir.1989).

MAINTENANCE EXPENSES
Mrs. Jones also claims the trial court erred in refusing reimbursement for her expenditures on replacement carpet, a replacement stove, and painting and plumbing bills, all totalling $3,779.52. The cost of such work may be recovered only if the person claiming reimbursement can prove both that the work was necessary and that the value of the property was enhanced thereby. Lentz v. Lentz, supra. In the absence of compelling proof that a strong and substantial economic advantage inured to the community, reimbursement claims like these will be denied. Succession of Vice, 385 So.2d 554 (La.App. 3d Cir.1980), writ denied 392 So.2d 1066 (La.1980); Succession of Blythe, 496 So.2d 1180 (La.App. 5th Cir.1986), writ denied 498 So.2d 15 (La. 1986).
We agree with the trial court that Mrs. Jones has had the benefit of these items for years and they are in the nature of routine maintenance of the home. Further, there is a lack of evidence that a strong and substantial economic advantage inured to the community as a result of these expenditures. Accordingly, the portion of the trial court's judgment which denied Mrs. Jones reimbursement for these expenditures is affirmed.

DECREE
For the foregoing reasons, paragraph two (2) of the June 21, 1991 judgment is vacated and recast as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, LARRY J. JONES, and against the defendant, JUDITH M. JONES, awarding plaintiff the sum of $1,010.14, with legal interest thereon from date of signing of this judgment as his share of the community home.
In all other respects, the judgment is affirmed. Costs are assessed equally between the parties.
*694 AFFIRMED IN PART AND REVERSED IN PART.
BROWN, Judge, Dissenting.
After termination of the community the wife resided in the home for eight years to the exclusion of the husband. This use has greatly benefited the wife's separate estate and the trial court has the discretion under LSA-R.S. 9:374 and LSA-R.S. 9:2801 to order assessment of a rental factor or to deny credit for the mortgage payments in reaching a fair division of the community. Herrell v. Herrell, 594 So.2d 943 (La.App. 3d Cir.1992).
NOTES
[1] The evidence indicates Mr. Jones paid $400 per month child support (for two children) from 1982 to 1990, and paid $800 per month thereafter.
[2] This statute was repealed by Acts 1990, No. 1009, § 9 and redesignated as LSA-R.S. 9:374, effective January 1, 1991. Subsection B became Subsection C in LSA-R.S. 9:374.
[3] Although LSA-R.S. 9:374 has been given retroactive application in partition actions, we need not reach that issue as there was no agreement by the parties or court order, at the time of the granting of use and occupancy, concerning rental payments on the home. See Bolden v. Bolden, supra; Wochomurka v. Wochomurka, supra.
[4] Herrell v. Herrell, 594 So.2d 943 (La.App. 3d Cir.1992); Rozier v. Rozier, supra; Goins v. Goins, 580 So.2d 477 (La.App. 4th Cir.1991); Starr v. Starr, 557 So.2d 1026 (La.App. 4th Cir. 1990); Landwehr v. Landwehr, 547 So.2d 752 (La.App. 4th Cir.1989); Burrell v. Burrell, 518 So.2d 569 (La.App. 4th Cir.1987); Mara v. Mara, supra; Fouchi v. Fouchi, 547 So.2d 1140 (La. App. 5th Cir.1989), writ denied 552 So.2d 385 (La.1989).