JaWHIPPLE, Judge.
Plaintiff, Wanda Cryer, appeals from a trial court judgment which awarded defendant, Gregory Cryer, fair rental value for plaintiffs use and occupancy of the community home. For the following reasons, we affirm in part, vacate in part and remand.
FACTS AND PROCEDURAL HISTORY
Plaintiff and defendant were married in East Baton Rouge Parish on February 15, 1986. The parties physically separated on February 18, 1995, and plaintiff filed a petition for divorce pursuant to LSA-C.C. art. 102 on February 21, 1995. In her petition, plaintiff sought exclusive use and occupancy of the family home.
A hearing was conducted on the issue of use and occupancy of the family home on March 14, 1995, and at that time, the trial court rendered an oral ruling, awarding defendant, who had been occupying the home since the parties’ physical separation, use of the home until May 1, 1995, and plaintiff use of the home “May 1 until the divorce.” The trial court explained that it was awarding use and occupancy in this fashion because the “fairest way” was to “divide the house in half.” Further, the court contemplated that the parties would be divorced in six months and, consequently, that each spouse would have use and occupancy of the home for three months. No written judgment was signed at that time.
On September 12, 1995, plaintiff filed a rule to show cause why the divorce should not be granted. Thereafter, on September 19,1995, defendant filed a rule to show cause why he should not be granted use and occupancy of the family home. Alternatively, defendant sought to be awarded fair rental value for plaintiffs use of the home. In his rule, defendant averred that the trial court had awarded each party three months use and occupancy of the family home, only addressing one six-month interval. Defendant further averred that he was entitled to reside in the | «family home again beginning in September, assuming that the court intended for the parties to continue three-month alternating periods of occupancy. At the time defendant filed his rule, the trial court still had not signed a written judgment, dividing use and occupancy of the home between the parties.
On December 5, 1995, the trial court signed a judgment on its initial March 14, 1995 ruling in open co.urt on the issue of use and occupancy of the home. The written judgment contained the following provision:
IT IS FURTHER ORDERED!!,] ADJUDGED AND DECREED THAT the community home be divided in half with Mr. Gregory C. Cryer enjoying use and habitation of the family home until June *169 01, 1995 and that Mrs. Wanda B. Cryer thereafter be awarded the use and habitation of the family home until further order of the court.[1]
On October 17,1995, before the trial court had signed the written judgment on its initial ruling on use and occupancy, a hearing was conducted on defendant’s rule. After the parties presented oral argument, the trial court declined to once again grant defendant use and occupancy of the family home. However, the trial court ruled that defendant would be awarded fair rental value for plaintiffs use of the home. The trial court stated that when it initially ruled on the use and occupancy of the home, it envisioned that the parties would be divorced in six months “pretty much to the day.” The court further stated that were the parties not ready to be divorced, it would continue its last ruling, alternating use and occupancy of the home at three-month intervals. However, because it believed the parties were about to be divorced, the court chose to allow plaintiff to continue | Jiving in the home and to award defendant fair rental value.[2] The court then ordered the parties to submit an appraisal to the court for the determination of the fair rental value.
Thereafter, on June 21,. 1996, the trial court signed a judgment, awarding defendant $750.00 per month as the fair rental value for plaintiffs use and occupancy of the family home. The award was made retroactive to the date of defendant’s filing of his rule on this issue, September 19,1995. '
From this June 21, 1996 judgment, plaintiff appeals, averring that the trial court erred in: (1) awarding rental value to the non-occupying spouse after the award of use and occupancy of the family home had initially been made; and (2) calculating the amount of the rental payment owed by the spouse awarded use. and occupancy of the family home.
AWARD OF FAIR RENTAL VALUE FOR USE AND OCCUPANCY OF HOME
(Assignment of Error No. 1)
In her first assignment of error, plaintiff contends that the trial court erred in awarding defendant fair rental value for plaintiffs use and occupancy of the family home, commencing September 19, 1995. Plaintiff argues that if a court orders the payment of rent by the occupying spouse, the order must be made at the time use and occupancy of the home is initially awarded. Thus, plaintiff contends, because the trial court’s award of rental value herein was made subsequent to its initial ruling on use and occupancy, the award of rental value is invalid. We disagree.
Pursuant to LSA-R.S. 9:374(B), the court is authorized to award the use,and occupancy of the community home to either spouse. The spouse who “is awarded ... the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community ... shall not be liable Isto the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.” LSA-R.S. 9:374(C). In Bolden v. Bolden, 524 So.2d 10, 12 (La.App. 1st Cir.1988), and Wochomurka v. Wochomurka, 552 So.2d 405, 406 (La.App. 1st Cir.1989), this court construed the substantially similar predecessor provision, which was contained in LSA-R.S. 9:308(B), to mean that the spouse awarded use and occupancy of the family home shall not be liable to the other spouse for rental payments on the home unless ordered to pay *170 by the trial court at the time of the award of use and occupancy.
Recently, in McCarroll v. McCarroll, 96-2700, p. 18 (La.10/21/97); 701 So.2d 1280, 1289, the Supreme Court resolved a split among the circuits on this issue. Finding that the approach taken by the First and Second Circuits was correct, the Supreme Court held that LSA-R.S. 9:374 contemplates that any award of rent shall be made in conjunction with the determination of occupancy and that rental payments may not be retroactively assessed under LSA-R.S. 9:374(C), unless previously agreed to by the spouses or ordered by the court.[3] McCarroll, 96-2700 at pp. 18, 20; 701 So.2d at 1289, 1290. The Court noted that a retroactive assessment of rental value could be extremely prejudicial to the occupying spouse, especially where the community is not partitioned for many years. McCarroll, 96-2700 at p. 20; 701 So.2d at 1290.
However, we do not find that the Supreme Court’s holding in McCarroll or this court’s holdings in Bolden and Wochomurka mandate the conclusion that the |6award of rental payments herein was erroneous. In McCar-roll, the Supreme Court reviewed the lower courts’ retroactive assessment of fair rental value for use of the family home against the wife in a proceeding to determine if a community property settlement was lesionary. Although it reduced the length of time that fair rental value could be assessed against the wife, the Supreme Court agreed with the lower courts’ inclusion of the rental value in the lesion analysis because there had been a prior agreement between the parties with respect to rent.[4] McCarroll, 96-2700 at p. 21; 701 So.2d at 1290-1291.
In both Bolden and Wochomurka, one spouse was appealing an award made by the trial court of an offset or reimbursement to the other spouse for the rental value of the family home at the partition proceeding, where no award of fair rental value had previously been made and there had been no previous agreement by the parties. Bolden, 524 So.2d at 10-11; Wochomurka, 552 So.2d at 405-406. This court concluded that rental for the use and occupancy of the family home cannot be awarded at a partition proceeding unless previously ordered by the court at the time of the award of use and occupancy. Again, the rationale for such a rule is to prevent a trial court from ordering retroactive rental payments at the time of the partition, which might take place years after the use and occupancy award. See Jones v. Jones, 605 So.2d 689, 693 (La.App. 2nd Cir.), writ denied, 607 So.2d 571 (La.1992).
In the instant case, the judgment at issue did not award rental payments at the time of partition. Rather, the award was made pursuant to a rule to change the prior award of use and occupancy.[5] Subsection B of LSA-R.S. 9:374 provides that |7the court can award use and occupancy of the family home to one spouse “pending further order of the court.” Clearly, this provision contemplates that a modification to the award of use and occupancy of the family home may be made by the trial court following its initial ruling. See Goodwin v. Goodwin, 618 So.2d *171 579, 587 (La.App. 2nd Cir.), writ denied, 623 So.2d 1340 (La.1993). It likewise follows that pursuant to LSA-R.S. 9:374(C), the trial court has the authority to reconsider an award of fair rental value at the time it readdresses the granting of use and occupancy of the family home. As such, any award of fair rental value is being made at the time the court rules on use and occupancy of the family home.[6]
In the December 5, 1995 judgment, the trial court specifically ordered that defendant enjoy use and occupancy of the family home until June 1, 1995, and that plaintiff enjoy use and occupancy thereafter “until further order of the court.” Additionally, in its written reasons for judgment on defendant’s rule, the trial court stated as follows:
At the hearing on the rule, the Court declined to award Gregory Cryer use and occupancy but ruled that it would award fair rental value and asked for an appraisal. The Court, therefore, did award fair rental value at the time it granted use and occupancy (in not granting use and occupancy to Gregory Cryer, it granted use and occupancy to Wanda Cryer).
It is now settled that a trial court is without authority to award fair rental Rvalue to the non-occupying spouse at the partition proceeding where there was no such award made at the time use and occupancy was awarded. McCarroll, 96-2700 at p. 18; 701 So.2d at 1289; Bolden, 524 So.2d at 12; Wochomurka, 552 So.2d at 406. However, we do not believe that this rule prevents a trial court from awarding the non-occupying spouse rental payments at a time when the trial court modifies or reconsiders its prior award of use and occupancy. We find that LSA-R.S. 9:374, when read in its entirety, authorizes the court to reconsider its grant or denial of use and occupancy of the family home, and at that time, to likewise reconsider the issue of rental payments. An award of rental payments at that time would not have the undesired effect of a retroactive award of rentals in a subsequent partition proceeding.
Thus, we find no error in the trial court’s determination that defendant is entitled to an award of fair rental value for plaintiff’s use and occupancy of the family home from the time defendant filed his rule, seeking a change in the use and occupancy award. This assignment of error is without merit.
RENTAL ASSESSMENT
(Assignment of Error No. 2)
In, her second assignment of error, plaintiff contends that the rental assessment of $750.00 awarded to defendant is excessive. Specifically, she contends that while $750.00 represents the fair rental value of the family home, defendant is only entitled to one-half of this amount, representing reimbursement for plaintiff’s use of defendant’s one-half interest in the family home. In support of her position, plaintiff cites Richard v. Richard, 95-1536, pp. 6-7 (La.App. 4th Cir. 2/15/96); 669 So.2d 1267, 1270; McConathy v. McConathy, 25, 542, p. 12 (La.App. 2nd Cir. 2/23/94); 632 So.2d 1200, 1207-1208, unit denied, 94-0750 (La.5/6/94); 637 So.2d 1052; and Madere v. Madere, 93-610, p. 3 (La.App. 5th Cir. 2/9/94); 632 So.2d 1180, 1183.
, RWhen the trial court ruled that defendant would be awarded fair rental value for plaintiff’s use of the home at the October 17,1995 hearing, the trial court ordered the parties to submit an appraisal to the court for the determination of the fair rental value. Thereafter, on June 21, 1996, the trial court signed a judgment, awarding defendant *172 $750.00 per month as the fair rental value. In written reasons for judgment, the trial court stated that it was awarding defendant “fair rental value which the parties have agreed is $750.00.” However, the record before, us does not contain a copy of a real estate appraisal, which the trial court ordered the parties to submit. Moreover, the record is devoid of any evidence to establish how the $750.00 figure was derived or what the parties agreed this figure represented.
Additionally, we note that the June 21, 1996 judgment recites that it was rendered on June 6, 1996. However, there is no transcript or minute entry of the proceedings on that day. The record does contain a minute entry dated June 18, 1996, which states that on that date, the court rendered judgment, awarding defendant fair rental value in. the amount of $750.00. However, the June 18, 1996 minute entry does not indicate what evidence the trial court considered in its assessment of the fair rental value.
Article 2164 of the Louisiana Code of Civil Procedure provides that “[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” Pursuant to LSA-C.C.P. art. 2164, the court may remand a case when the interests of justice are served. Vallo v. Gayle Oil Company, Inc., 94-1238, p. 9 (La.11/30/94); 646 So.2d 859, 866. Based on the record before us, this court is unable to determine whether the trial court’s award of $750.00 per month to defendant for fair rental value is in error. Thus, in the interests of justice, we remand the matter to the trial court for á more complete development of the record and consideration of this issue in accordance with the views expressed herein. See Herrell v. Herrell, 594 So.2d 943, 947 (La.App. 3rd Cir.1992).
lioCONCLUSION
For the above and foregoing reasons, the portion of the June 21, 1996 judgment which determined that defendant is entitled to an award of fair rental value for plaintiffs use and occupancy of the family home is affirmed. The portion of the judgment awarding the specific sum of $750.00 per month as fair rental value is vacated, and this matter is remanded to the trial court for further proceedings, limited to a determination by the trial court of the appropriate rental amount to be awarded. Costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.

. We note that there are discrepancies between the oral ruling of the trial court and the December 5, 1995 written judgment. When ruling in open court on March 14, 1995, the trial court stated that defendant could continue to occupy the family home until May 1,- 1995. However, the written judgment (as well as the minute entry) reflect the date as June 1, 1995. Additionally, the trial court ruled orally that plaintiff would be awarded use and occupancy "until.the divorce,” but the written judgment provides that she was awarded use and occupancy "until further order of the court.” ' In such a situation, the written judgment will prevail. Hebert v. Hebert, 351 So.2d 1199, 1200 (La.1977); Rodgers v. Rodgers, 26,093, pp. 2-3 (La.App. 2nd Cir. 9/21/94); 643 So.2d 764, 765-766.

. The parties were not actually divorced until July 17, 1996.

.The First, Second and Fifth Circuits had held that an award of rental payments must be made at the time of the award of use and occupancy and may not be made for the first time in the final partition of the community property. Bolden v. Bolden, 524 So.2d 10, 12 (La.App. 1st Cir.Í988); Jones v. Jones, 605 So.2d 689, 693 (La.App. 2nd Cir.), writ denied, 607 So.2d 571 (La. 1992); Madere v. Madere, 93-610, p. 4 n. 1 (La.App. 5th Cir. 2/9/94); 632 So.2d 1180, 1183 n. 1. The Third and Fourth Circuits had held that LSA-R.S. 9:374(C) authorized the trial court to award rental value at any time, including retroactively. Nichols v. Nichols, 95-1290, pp. 5-6 (La.App. 3rd Cir. 3/20/96); 671 So.2d 1069, 1072; Richard v. Richard, 95-1536, pp. 5-6 (La. App. 4th Cir. 2/15/96); 669 So.2d 1267, 1270.

. The Court reversed the judgment of the lower courts, which had concluded that the community property settlement was not lesionary, because the reduction in the length of time for which rental value could be assessed against the wife demonstrated that the settlement was, in fact, lesionary. McCarroll, 96-2700 at pp. 21-22; 701 So.2d at 1290-1291.

. Defendant actually contended that he was seeking a ruling to continue the trial court’s initial ruling on use and occupancy, which he averred only dealt with one six-month period. However, the December 5, 1995 written judgment, which initially addressed use and occupancy, clearly granted plaintiff use and occupancy following June 1, 1995, “until further order of the court.’’

. We note that in addressing whether a spouse was entitled to reimbursement of rental value of the marital home at the time of partition where no prior award of rentals had been made, this court in Wochomurka stated that the legislative intent in the 1986 amendment to LSA-R.S. 9:308 (the predecessor statute to LSA-R.S. 9:374) was "that the spouse whp uses and occupies the family home pending partition is not liable for rent unless the spouses agree or unless ordered to pay by the trial court at the time of the initial agreement on use." Wochomurka, 552 So.2d at 406. (Emphasis added). However, the court therein was not faced with the issue of whether an award of rentals could be made at the time when the trial court was-reconsidering the award of use and occupancy of the family home. Thus, we conclude that this court’s reference to the "initial” agreement on use is not dispositive of the issue presented herein. See A.S. v. M.C., 96-0948, p. 9 n. 5 (La.App. 1st, Cir. 12/20/96); 685 So.2d 644, 648 n. 5, writ denied, 97-0213 (La.3/14/97); 690 So.2d 38.