I WALTZER, Judge.
STATEMENT OF THE CASE
Edwin Lupberger filed a Petition for Divorce and partition of Community Property against his wife, Mary Jane Lupber-ger, on 16 September 1997. Mrs. Lup-berger answered and reconvened on 26 November 1997, claiming alimony penden-te lite and alleging that renovations underway at the family home, 1445 Second Street, rendered it unfit for her use as a domicile. On 16 January 1998, Mr. Lup-berger filed a Rule for Use and Occupancy of the home, to which Mrs. Lupberger on 4 March 1998 filed a Cross Rule for Use and Occupancy, alleging she had moved back to the home as renovations were being completed. Following a hearing at which the trial court heard testimony from the parties and their architect, judgment was rendered on 23 March 1998 awarding use and occupancy of the home to Mr. Lupberger. Mrs. Lupberger at that time did not seek to require Mr. Lupberger to pay rent for his use and occupancy of the home, nor did she seek review of that judgment in this Court.
hThe Lupbergers then negotiated a consent agreement pursuant to which Mrs. Lupberger receives $10,000 per month plus $1,800 monthly rental for her apartment in the New Orleans Warehouse District, the costs of her move from the Second Street home to the apartment and various incidentals not relevant to this matter.
On 20 April 1998, Mrs. Lupberger filed a Rule to Set Rent, which was set for hearing on 1 June 1998. On 1 May 1998, she filed a new Rule for Use and Occupancy or, Alternatively, for Rent to which Mr. Lupberger filed Exceptions of no cause of action pursuant to LSA-R.S. 9:374 and the judgment of 10 March 1998, and a Rule for Sanctions. On 1 June 1998, the trial court heard argument and entered judgment denying Mrs. Lupberger’s rule and Mr. Lup-berger’s request for sanctions. Mrs. Lup- *140 berger appeals that judgment. Finding no error below, we affirm.
ASSIGNMENTS OF ERROR: The trial court erred and violated Mrs. Lupber-ger’s constitutional rights to substantive and procedural due process in denying and in not reconsidering Mrs. Lupber-ger’s request, pursuant to La.R.S. 9:374, for use and occupancy of the former matrimonial home or, alternatively, requiring Mr. Lupberger to pay rent for his use and occupancy of the property.
It is well established that a co-owner need not pay rent to another co-owner for his exclusive use of co-owned property. See Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955), cited in McCarroll v. McCarroll, 96-2700 at p. 19 (La.10/21/97), 701 So.2d 1280, 1289. A spouse to whom the court awards use and occupancy of the family residence pending either termination of the marriage or partition of the community pursuant to LSA-R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court. LSA-R.S. 9:374(C).
When the Louisiana Supreme Court found the issue of retroactive assessment of rent under that statute squarely before it in McCarroll, it held that rental payments may not be assessed retroactively unless otherwise agreed to by the spouses or ordered by the court in the exercise of its sound and vast discretion. McCarroll, supra at p. 18, 701 So.2d at 1289. Under the principles enunciated in Juneau, a co-owner in exclusive possession may be liable for rent, but only beginning on the date another co-owner has demanded occupancy and has been refused. This underlying principle amply supports the requirement that for the assessment of rent under LSA-R.S. 9:374(C), there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy.
It is not disputed that Mrs. Lupberger failed to request rent in her reconventional demand to Mr. Lupberger’s Rule for Use and Occupancy. Likewise, it is not disputed that Mrs. Lupberger did not appeal the trial court’s judgment of 10 March 1998 granting Mr. Lupberger’s Rule. That judgment is now final, the time for seeking review having expired.
| ¿Mrs. Lupberger relies on the First Circuit Court of Appeal’s statement in Cryer v. Cryer, 96 2741 at pp. 7-8 (La.App. 1 Cir. 12/29/97), 706 So.2d 167, 171 that, in that circuit’s opinion, the McCarroll rule does not prevent a trial court from awarding a non-occupying spouse rent at a time when the trial court modifies or reconsiders its prior award of use and occupancy. The facts of C'ryer, however, distinguish it from the instant case. In Cryer, the court awarded use of the home to defendant from 14 March 1995 until 1 May 1995, and then to plaintiff from 1 May until the divorce. The court contemplated that the parties would be divorced in six months and, consequently, that each spouse would occupy the home for three months. The trial court filed no written judgment. Divorce was granted on 12 September 1995, and a week later defendant filed a rule to show cause why he should not be granted use and occupancy, and, alternatively, for rent. He contended that it was the intent of the court to divide use and occupancy equally. The trial court had not yet reduced its original ruling to judgment. On 17 October 1995, the trial court heard defendant’s rule and held that he would be awarded fair rental value for plaintiffs use of the home. The trial court stated that its initial- ruling envisioned the parties would be divorced in six months and, were the parties not ready to be divorced, it would continue its alternating use ruling. Because the trial court believed the parties were about to be divorced, the court chose to allow plaintiff to continue living in the home and to award the defendant rent retroactive to the filing of defendant’s rule. On 5 December 1995, the trial court signed a judgment on its March ruling, and in the written judgment provided that the home *141 be divided in half, with defendant having use and occupancy until 1 June 1995, and plaintiff thereafter being awarded use “until further orders of the court.” The | ¡¡appellate court noted discrepancies between the oral ruling in March, 1995 and the December written judgment, and held that the written judgment would prevail.
Cryer’s peculiar fact situation makes its holding of little instructional value to this Court. The trial court in the instant case did not contemplate “further orders” with respect to occupancy of the family home; indeed, the parties negotiated an alimony pendente lite agreement that provides compensation for Mrs. Lupberger’s moving expenses and $1,800 monthly apartment rent.
The trial court in the instant case noted on the record, “[W]hat you [counsel for Mrs. Lupberger] were attempting to do was to seek rent and then realized that you had to come back with a rule for use and occupancy.” While the trial court did not find this tactic to be sanctionable, she nonetheless refused to allow Mrs. Lupber-ger to have, in effect, a “second bite at the apple.”
Mrs. Lupberger contends that the trial court’s refusal to take her proffer of evidence at the trial of Mr. Lupberger’s exceptions violates La.C.C.P. art. 1636. Mrs. Lupberger had the opportunity to introduce this substantive evidence at the original evidentiary hearing on Mr. Lupber-ger’s Rule for Use and Occupancy and her reconventional demand for the same relief. La.C.C.P. art. 1636 applies by its own terms “when the court rules against the admissibility of any evidence.” Admissibility of evidence was not at issue below. The issue before the trial court was whether Mrs. Lupberger’s rule stated a cause of action. Evidence as to the value of the home or Mrs. Lupberger’s ability to afford to live there — evidence she failed to present at the original evidentiary hearing— was of no consequence to the resolution of that issue, since the substantive merits of her claim were not then at issue and are not at issue on this appeal. Therefore, a proffer of such evidence at the exception hearing would be of no value to this Court. We note that the net | (¡value of the community, as to which Mrs. Lupberger contends new evidence was developed between the original Use and Occupancy hearing and her requested reconsideration, is irrelevant to her ability to afford to live in the house pending partition of the community. Since she would not have access to her share of the net community — no matter how large it might be determined to be— that community interest would not be available to satisfy her pre-partition obligations.
Mrs. Lupberger contends that she has an absolute right to present evidence and bring a second use and occupancy rule under La.R.S. 9:374 and La. C.C. art. 105. Either party to a divorce action may move the court to determine the incidental issues raised by the divorce, including use and occupancy of the family home, community movables or immovables or use of personal property. La.C.C. art. 105. La. R.S. 9:374 mandates that the court inquire into the relative economic status of the spouses in awarding use and occupancy.
Even accepting Mrs. Lupberger’s reading of Cryer, and her contention that La. R.S. 9:374 and La.C.C. 105 guarantee her the right to a second hearing on use and occupancy directly on the heels of the unappealed judgment on the first rule, we find no abuse of the trial court’s discretion. The record shows that the trial court understood the nature of the testimony Mrs. Lupberger sought to proffer. The judge noted on the record:
I’m not requesting testimony on it. I’ve read the memos and I’ve heard argument of counsel. I don’t see any reason for me to reconsider a March judgment based upon the net community, the fact that now she knows what her expenses and income are, and the fact that he’s resigned from Entergy. If that means anything to me, it would mean that nei *142 ther one of them may be able to keep the house. But it certainly doesn’t mean to me that I should reconsider it and let her have it.
[7If we consider Mrs. Lupberger’s May 1998 Rule to be a permissible request to modify the prior judgment under La.C.C. art. 105, there is no showing of record that the excluded evidence would have changed the trial court’s decision. The trial court’s comments on the record demonstrate that, even accepting Mrs. Lupberger’s view of the evidence of net community value, her knowledge of her income and expenses and Mr. Lupberger’s resignation from Enter-gy, the court would not require Mr. Lup-berger to pay his spouse rent for their co-owned home. The court recognized that the community assets would not be available to either party pending partition of the community.
Given the trial court’s vast discretion in determining whether rent should be required of a spouse in community with use and occupancy of the matrimonial domicile, we find no error in the trial court’s judgment.
Mrs. Lupberger’s assignments of error are without merit.
CONCLUSION AND DECREE
It is clear that Mrs. Lupberger, having realized that the Rule for Rent that she filed on 20 April 1998 was without merit under the Louisiana Supreme Court’s ruling in McCarroll, attempted to circumvent her failure to have sought rent in her reconventional demand, or to have appealed the March judgment, by filing a second rule shortly thereafter seeking use and occupancy and, alternatively, rent. The trial court quite correctly refused to acquiesce.
IsFor the foregoing reasons, we affirm the judgment of the trial court denying Mrs. Lupberger’s Rule for Use and Occupancy and, alternatively, for rent. Costs of this appeal are assessed against the appellant.
AFFIRMED.
MURRAY, J., CONCURS, WITH REASONS.