Wesley **ALLINSMITH** et al., Plaintiffs-Appellees, and Cross-Appellants,

v.

John L. **FUNKE** et al., Defendants-Appellants, and Cross-Appellees.

Nos. 19653–19654.

United States Court of Appeals, Sixth Circuit.

Feb. 24, 1970.

Edward J. Utz, Cincinnati, Ohio, for appellants.

Samuel S. Wilson, Cincinnati, Ohio, for appellees, S. Arthur Spiegel and Samuel S. Wilson, Cincinnati, Ohio, on brief.

Before EDWARDS and BROOKS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

On April 18, 1969, a consent decree was entered between the previously bitterly contesting factions of the Clifton Meadows Corporation. It provided, among other things, for an injunction prohibiting discrimination against any person as a guest of the corporation on the grounds of "race, color, religion or national origin." Counsel for the plaintiffs, counsel for the defendants, and the Board of Trustees of the Clifton Meadows Corporation had approved the consent decree prior to entry.

On April 28, 1969, a motion to set aside the consent decree was filed, accompanied by affidavits from three members of the Board of Trustees stating that on April 19, they had changed their vote on authorizing the signing of the consent decree.

On May 12, 1969, Judge Kinneary, who had entered the consent decree, entered an order denying the motion to set it aside, specifically holding that the court had jurisdiction in the premises and that "there was no fraud in the procurement of the decree. It was, indeed, procured by the consent and the formal affirmative vote of at least a majority of the persons authorized to act officially for the defendant corporation." He also found as a fact that there was no mistake in the entry of the decree.

The District Judge further said, "The three women board members simply say, as this court reads their affidavits, that after the fact they decided to change their minds. This Court holds that the ages honored right of womankind to change their minds does not obtain in this case, at least not to establish the basis for setting aside the decree."

On review of this record, including the pleadings and affidavits filed therewith, we believe there is support for the District Judge's finding that he had jurisdiction in the premises and we are convinced that the consent decree was properly authorized and entered. Rule 60(b) of the Federal Rules of Civil Procedure, under which this motion is brought, provides for relief on grounds of fraud, mistake of fact, or lack of authorization on the part of counsel. This record does not disclose that any of these reasons are present. Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136 (10th Cir., 1966); Walling v. Miller, 138 F.2d 629 (8th Cir. 1943), cert. denied, 321 U.S. 784, 64 S.Ct. 781, 88 L.Ed. 1076 (1944).

A judgment may be set aside also under Rule 60(b) for "any other reason justifying relief." This has been interpreted to allow vacation of a judgment when "such action is appropriate to accomplish justice." L. M. Leathers' Sons v. Goldman, 252 F.2d 188 (6th Cir. 1958); Patapoff v. Vollstedt's, Inc., 267 F.2d 863 (9th Cir. 1959). We find no basis for believing that vacation of this decree would serve any such purpose.

The judgment of the District Court is affirmed.