423 So.2d 1196 (1982)
A. Mason BARNES, III
v.
SOUTHERN INVESTORS PROPERTY MANAGEMENT, INC.
No. 5-127.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
Rehearing Denied January 17, 1983.
*1197 Santo A. Dileo, New Orleans, for plaintiff-appellant.
P. Michael Cullen, Edwards, Cullen & Loeb, Gretna, for defendant-appellee.
Before BOUTALL, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
A. Mason Barnes, III, plaintiff, appeals the judgment of the trial court dismissing his suit for specific performance of an exchange of immovables but awarding to him the sum of Six Thousand Dollars for fill placed on the lot sought to be exchanged as an unjust enrichment. We affirm the trial judge.
On December 17, 1979, Barnes and the defendant, Southern Investors Property Management, Inc. (hereafter Southern), entered into a purchase agreement for the exchange of immovable property. Barnes was to exchange Lots 32, 33, 34, 35, 36 and 37 of Square 92, Kenner Subdivision, Kenner, Louisiana, plus Twenty-nine Thousand Dollars in cash for Southern's immovable property consisting of Lots 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of Square 91, also in Kenner Subdivision.
According to the agreement, the act to effectuate the exchange was to be executed prior to March 15, 1980. Barnes contends the parties agreed to extend the time for execution of the Act of Exchange to May 1, 1980. To this end, Barnes sent a signed written extension of time to Southern's representative for his signature. Southern contends there was never an agreed upon extension and accordingly refused to sign the extension agreement.
Based upon the exchange agreement, Barnes had landfill at a cost of $6,000.00 placed on the property he anticipated receiving in the exchange. Both parties at trial admitted no specific authorization was given to Barnes to put the fill on the lot, but Southern was aware of this action and never protested.
The trial judge concluded that the extension of time, as proposed by Barnes, was not agreed to by Southern and not reduced to writing and, accordingly, dismissed plaintiff's suit for specific performance. He additionally concluded Southern was unjustly enriched by Barnes' act of placing landfill on its property and, therefore, rendered judgment in Barnes' favor for the cost of the fill, i.e., $6,000.00.
The appellant filed no brief. The appellee filed a brief urging an elimination or reduction of the $6,000.00 award. The appellee previously filed a motion to dismiss the appeal because of appellant's failure to timely file his brief. Under the Uniform Rules of the Court of Appeal and the notices presently being given by the Clerk at the time the record is filed in this Court, the appeal would be declared abandoned and, hence, dismissed. Rule 2-12.12, 2-8.6. However, the rule became effective after the appeal was filed and no notices were given to the parties, therefore, we elected *1198 to rule on the merits of the appeal without the benefit of appellant's brief.
Under La.C.C. Article 2462, specific performance is available under a contract to sell only if it is reduced to writing. Therefore, in the absence of a written agreement to extend the date for extension of the exchange, as a matter of law, Barnes is not entitled to specific performance. Additionally, since there is no appeal of the judgment or answer to the appeal filed by the appellee, we cannot consider his request for reduction or reversal of the cash award. Accordingly, the judgment of the trial court is affirmed. All costs of the appeal to be borne by the appellant.
AFFIRMED.