RED FOX INDUSTRIES, INC., et al.,
Plaintiffs-Appellants,

v.

FEDERAL SAVINGS & LOAN
INSURANCE CORP., et al.,
Defendants-Appellees.

No. 87–4091.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1987.

Hugh E. McNeely, Jean C. Breaux, Lafayette, La., for plaintiffs-appellants.

Charles B. McDonald, David A. Felt, Washington, D.C., Martha Q. Thomas, Richard W. Revels, Jr., Liskow & Lewis, Lafayette, La., for defendants-appellees.

Before BROWN, POLITZ and JOLLY, Circuit Judges.

PER CURIAM:

In this appeal we must determine whether in view of 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d), the District Court erred in dismissing a suit brought by Red Fox Industries (Red Fox) against Sun Belt Federal Bank F.S.B. (Sun Belt), in which Red Fox sought to enjoin the collection of a debt owed to Sun Belt. Red Fox, seeking also treble damages, attorneys fees and interest, alleged that Sun Belt violated numerous federal statutes by conditioning the granting of the loan on an additional loan to purchase two buildings controlled by Sun Belt. Prior to May 1, 1986, Sun Belt operated as a federally-chartered savings bank, the accounts of which were insured by the Federal Savings and Loan Insurance Corporation (FSLIC). On May 1, 1986, the Federal Home Loan Bank Board, the governing body of the FSLIC, declared Sun Belt insolvent and appointed the FSLIC as receiver for purposes of liquidation.

On December 2, 1986, the FSLIC was substituted as defendant in this suit in lieu of Sun Belt. The FSLIC filed a motion to dismiss for lack of subject matter jurisdiction based upon the provisions of 12 U.S.C. §§ 1464(d)(6)(C) [1] and 1729(d).[2] The motion was granted on January 5, 1987. This appeal followed.

Upon careful examination of the record, we conclude that the District Court's finding that the FSLIC's appointment as receiver for Sun Belt transferred original jurisdiction from the federal courts to the administrative governing body (FSLIC) was not clearly erroneous. This circuit has previously interpreted 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d) to vest original jurisdiction over the conduct of the FSLIC with the Federal Home Loan Bank Board.[3] The suit brought by Red Fox does not fall within any of the exceptions which would permit Red Fox to bypass administrative procedures. We therefore affirm.

### Red Fox's Red Herring

Red Fox sought a $1 million loan from Sun Belt Federal Bank, F.S.B. Sun Belt conditioned approval of that loan on Red Fox borrowing an additional $2.45 million to finance the purchase of two buildings controlled by Sun Belt. In its suit filed April 7, 1986, Red Fox contended that the tying of these loan transactions violated the provisions of the Home Owners' Loan Act, 12 U.S.C. § 1464 et seq., Bank Tying Act, 12 U.S.C. § 1771, et seq., the Sherman Anti-Trust Act and the Clayton Anti-Trust Act, 15 U.S.C. §§ 1, et seq., 12 et seq.

Following the principles and standards enunciated in Woods v. Federal Home Loan Bank Board, 826 F.2d 1400 (5th Cir. 1987); North Mississippi Savings and Loan Association v. Hudspeth, 756 F.2d

---

1. Section 1464(d)(6)(C) provides as follows:

Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver.

2. Section 1729(d) provides as follows:

In connection with the liquidation of insured institutions, the Corporation shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board, or, in cases where the Corporation has been appointed conservator, receiver, or legal custodian solely by a public authority having jurisdiction over the matter other than said Board, subject only to the regulation of such public authority.

3. Woods v. Federal Home Loan Bank Board, 826 F.2d 1400 (5th Cir.1987); North Mississippi Savings and Loan Association v. Hudspeth, 756 F.2d 1096 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); and Federal Savings & Loan Insurance Corp. v. Bonfanti, 826 F.2d 1391 (5th Cir.1987).

1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); and *Federal Savings & Loan Insurance Corp. v. Bonfanti,* 826 F.2d 1391 (5th Cir. 1987), the judgment of the District Court is correct.

AFFIRMED.