NORTHSHORE DEVELOPMENT, INC., et al., Plaintiffs,

v.

Harry LEE, Sheriff, etc., et al., Defendants.

FEDERAL SAVINGS & LOAN ASSOCIATION, as receiver for New Orleans Federal Savings & Loan Assoc., Plaintiff–Appellant,

v.

A. Mason BARNES, III, Defendant–Appellee.

No. 86–3783.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1988.

David M. Culpepper, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for plaintiff-appellant.

Santo A. Dileo, Kenner, La., for defendant-appellee.

Before WISDOM, GARWOOD and JONES, Circuit Judges.

WISDOM, Circuit Judge:

This appeal presents one question: whether the district court's denial of a motion to vacate was an abuse of discretion. The petitioner, the Federal Savings and Loan Insurance Corp. ("FSLIC"), asks that a judgment against the New Orleans Federal Savings and Loan Association ("NOFSLA") be vacated, because the judgment is unappealable. The judgment was entered by a Louisiana state court, and after removal a federal district court denied the FSLIC's motion to vacate. Because we find that the district court's decision was not an abuse of discretion, we affirm.

## I. FACTS AND PRIOR PROCEEDINGS

A. Mason Barnes III obtained a Louisiana court judgment against Southern Investors Property Management ("Southern").[1] To satisfy the judgment Barnes executed against fourteen lots owned by Southern. The lots were adjudicated to Barnes as the highest bidder at a sheriff's sale on March 3, 1982. Northshore Development, Inc. then filed suit to nullify the judicial sale and enjoin Barnes's efforts to collect on his judgment. An amended petition later substituted the NOFSLA as the

1. *See Barnes v. Southern Investors Property Management,* 423 So.2d 1196 (La.Ct.App. 5th Cir.1982).

plaintiff. Eventually the trial court ruled in favor of the NOFSLA, but the Louisiana Fifth Circuit Court of Appeals reversed and held that Barnes was entitled to damages for wrongful issuance of a temporary restraining order and injunctions.[2] The Court remanded the case for the trial court to calculate damages, and on June 18, 1986, the court awarded Barnes a judgment of $17,222.62 against the NOFSLA.

On June 19, 1986, the Federal Home Loan Bank Board declared the NOFSLA insolvent and appointed the FSLIC as receiver. On July 21, 1986, the FSLIC removed this action to the United States District Court for the Eastern District of Louisiana.[3] After removal, the FSLIC filed a motion to vacate the state court judgment and dismiss the action. The district court determined that this Court's opinion in *North Mississippi Savings & Loan Association v. Hudspeth* [4] required dismissal for lack of subject matter jurisdiction, but the district court denied the FSLIC's motion to vacate. This appeal followed.

## II. DISCUSSION

The FSLIC argues that the district court should have used its equitable powers under Federal Rule of Civil Procedure 60(b)(6)

to vacate the state court judgment against the NOFSLA.[5] The FSLIC contends that its appointment as receiver made the state court judgment unappealable,[6] and the FSLIC demands the application of a rule used in mootness cases that when a judgment becomes unappealable, the judgment should be vacated to avoid any collateral effect.[7] The FSLIC also argues that the district court miscomprehended its power to vacate the state court judgment; the district court assumed that federalism principles preclude a federal district court from vacating a state court judgment.

The standard of review for a denial of a Rule 60(b) motion places a heavy burden on the appellant:

Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion. It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion.[8]

Moreover, a district court should grant a motion under section 6 of Rule 60(b) only to accomplish justice [9] or in extraordinary circumstances.[10]

---

**2.** *See New Orleans Fed. Sav. & Loan Ass'n v. Lee,* 449 So.2d 1099 (La.Ct.App. 5th Cir.1984).

**3.** The FSLIC's authority to remove this action is provided by 12 U.S.C. § 1730(k)(1) (1982).

**4.** 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

**5.** For general discussions of a court's equitable powers under Federal Rule of Civil Procedure 60(b), see Kane, *Relief from Federal Judgments: A Morass Unrelieved by a Rule,* 30 Hastings L.J. 41 (1978); Note, *Federal Rule 60(b): Relief from Civil Judgments,* 61 Yale L.J. 76 (1952); Comment, *Temporal Aspects of the Finality of Judgments: The Significance of Federal Rule 60(b),* 17 U.Chi.L.Rev. 664 (1950).

**6.** In *North Miss. Sav. & Loan Ass'n v. Hudspeth,* this Court held that the FSLIC's appointment as receiver for an insolvent bank transferred jurisdiction over any claim against the bank from the federal courts to the Federal Home Loan Bank Board. In other words, such claims were "switched to administrative track" by 12 U.S.C. § 1464(d)(6)(C) (1982). 756 F.2d at 1103. *See*

also *Red Fox Indus. v. Federal Sav. & Loan Ins. Corp.,* 832 F.2d 340 (5th Cir.1987); *Coit Independence Joint Venture v. FirstSouth,* 829 F.2d 563 (5th Cir.1987). Accordingly, when the district court, at FSLIC's request, dismissed this suit for lack of subject matter jurisdiction, the state court judgment became unappealable.

**7.** *See Great W. Sugar Co. v. Nelson,* 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979); *United States v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

**8.** *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981) (emphasis in original; citations omitted); *see also Godwin v. Federal Sav. & Loan Ins. Corp.,* 806 F.2d 1290 (5th Cir.1987); *Murray v. Ford Motor Co.,* 770 F.2d 461 (5th Cir.1985); *see generally,* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.19 (2d ed. 1987); 11 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2857 (1973).

**9.** *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir.1970); *Allinsmith v. Funke,* 421 F.2d 1350 (6th Cir.1970).

**10.** *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *In re Morrow,*

■ The FSLIC offers two arguments for reversal: (1) the district court had the power to vacate the judgment; and (2) the district court should have exercised this power under the logic of *United States v. Munsingwear.*[11] Contrary to the district court's rationale,[12] the premise of the FSLIC's argument is certainly correct: a state court judgment in a case properly removed to federal court can be vacated under Rule 60(b).[13] But this fact does not end our inquiry, because a Court of Appeals is not restricted to the reason given by the district court if the judgment of the district court is correct.[14] We, therefore, must examine the FSLIC's argument that the *Munsingwear* rule should be applied in this case.

■ The *Munsingwear* Court was concerned primarily with fairness when it stated that a judgment in a case that becomes moot while on appeal should be vacated:

> That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.[15]

In this case, the FSLIC was not prejudiced similarly, because review of the state court judgment was not prevented through happenstance.[16] The FSLIC chose not to appeal the state court's judgment. Instead, the FSLIC moved to dismiss, even though section 1464(d)(6)(C) provides that the FSLIC unilaterally can allow such court proceedings to continue: "no court may ... *except at the instance of the Board,* restrain or affect the exercise of powers or functions of a conservator or receiver".[17] In these circumstances we cannot conclude that the district court's refusal to vacate the state court judgment was an abuse of discretion.

■ Lastly, the FSLIC argues that our judgment in *Pequot Partners v. Mainland Savings Association,*[18] is binding precedent that directs the district court and this Court to grant the FSLIC's motion to vacate. We disagree. In *Pequot* a motions panel of this Court at the FSLIC's request dismissed an appeal and instructed the district court to vacate the judgment, and the motions panel did not assign any reasons for its decision in an opinion. We have stated before that a motions panel decision is not binding precedent.[19]

502 F.2d 520 (5th Cir.1974); *United States v. City of Milwaukee,* 441 F.Supp. 1377 (E.D.Wis.1977); *Hughes v. Sanders,* 287 F.Supp. 332 (E.D.Okla. 1968).

**11.** 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

**12.** During the hearing for the motions to dismiss and vacate, the district court reasoned as follows:

> [N]o law has been cited to me where I would have jurisdiction to vacate a Louisiana court's judgment.

> Sure, I have power to vacate my own judgment. If I were on the Fifth Circuit Court of Appeals, the United States Fifth Circuit Court, [I would have] the power to vacate District Court judgments, but you are talking about two entirely different systems....

**13.** *McIntyre v. K–Mart Corp.,* 794 F.2d 1023 (5th Cir.1986); *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890 (5th Cir.1984); *Munsey*

v. *Testworth Laboratories,* 227 F.2d 902 (6th Cir.1955).

**14.** *Murray v. Ford Motor Co.,* 770 F.2d 461, 464 (5th Cir.1985).

**15.** *Munsingwear,* 340 U.S. at 40, 71 S.Ct. at 107.

**16.** It should also be noted that the district court was not convinced that justice demanded that the state court judgment be vacated:

> When you think about it, what good is that judgment in the long run? That judgment isn't worth the piece of paper that it's written on. You certainly can't execute on it. If you attempt to execute on it, ... I think we'll do everything possible to show the State Court there is no jurisdiction at this juncture. The jurisdiction is in the Board.

**17.** 12 U.S.C. § 1464(d)(6)(C) (1982) (emphasis added).

**18.** 793 F.2d 1289 (5th Cir.1986).

**19.** *Fischer v. United States,* 759 F.2d 461, 463 (5th Cir.1985); *E.E.O.C. v. Neches Butane Prods. Co.,* 704 F.2d 144 (5th Cir.1983).

### III. CONCLUSION

The district court's denial of the FSLIC's motion to vacate was not an abuse of discretion. We AFFIRM.