594 So.2d 943 (1992)
Richard Willard HERRELL, Plaintiff-Appellant,
v.
Deborah May HERRELL, Defendant-Appellee.
No. 90-804.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*945 Hornsby & Landry, Lucius A. Hornsby, Jr., Barry Sallinger, Lafayette, for plaintiff-appellant.
Cecelia A. Bonin, St. Martinville, and Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Timothy J. McNamara, Susan E. Kutcher, Lafayette, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal stems from the partitioning of community property of appellant, Richard W. Herrell, and his former wife, Deborah May Herrell, and the trial court's award to the community of $29,400 rent from Richard W. Herrell (Richard) for his use and occupancy of the family home after their physical separation.

FACTS
In December of 1983, Deborah May Herrell (Deborah) left the family home. On January 15, 1985, Richard filed a petition for divorce for living separate and apart for more than one year. On April 24, 1985, the trial court granted Richard's petition for divorce. Around that same time, Richard married his second wife and remained in the family home.
On December 9, 1987, Deborah filed a petition to partition the community property. Both Richard and Deborah filed descriptive lists enumerating all of the community assets and liabilities and later, Richard followed with an amended descriptive list revising the valuations on several community items. Richard occupied the family home from the initial date of physical separation from his first wife in December of 1983 until he left his second wife and moved out of the family home in August of 1988. His second wife remained in the family home.
At the hearing to partition the community property, Deborah requested that Richard pay rent to the community for his use and occupancy of the family home. Richard objected to the claim for rent since Deborah had not included such a claim in any prior pleadings. The objection was overruled. Without assigning reasons, the trial court decreed that Richard owes $29,400 in rent to the community for his use and occupancy of the family home.
Richard appeals the award of rent to the community and contends the trial court erred in: 1) permitting Deborah to expand the pleadings at the hearing to include the claim for rent; 2) allowing evidence of the rental value of the home; 3) its valuation of the monthly rental due; and, 4) not fully partitioning the community between him and Deborah.

PLEADINGS ENLARGED BY EVIDENCE
Richard contends the trial court erroneously allowed Deborah to orally enlarge the pleadings at the hearing to include a claim for rent. He avers that Deborah's failure to formally request an amendment of the pleadings precludes her claim for rent.
LSA-C.C.P. Art. 1154 provides:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence." (Emphasis Added.)
*946 The trial judge has great discretion to admit or to disallow evidence subject to an objection based upon the scope of the issues and pleadings and to determine whether evidence is encompassed by the general issues raised in the pleadings. Coleman v. Coleman, 541 So.2d 1003, 1006 (La.App. 3rd Cir.1989).
At the hearing to partition the community property, Deborah introduced evidence to include a claim for rent for Richard's use and occupancy of the family home. Although Deborah did not recite the particular wording of "amend the pleadings", such a talismanic phrase is not needed. The proper inquiry is not whether Deborah spoke any particular phrase, but whether the issue of rent for the use and occupancy of the family home was properly raised such that Richard was fairly apprised of the inclusion of this issue. Pleadings can be enlarged by evidence. LSA-C.C.P. Art. 1154; Abrams v. Dinh, 471 So.2d 994 (La.App. 1st Cir.1985).
The rental income issue was closely tied to the overall community property issue of disposing of the family residence and, as such, was properly included in the proceeding. Furthermore, Richard failed to show any prejudice by the admission of evidence relating to the issue of rent and also failed to request a continuance. Under these circumstances, we find the trial court did not abuse its discretion in allowing evidence on the claim for community rent.

RENT FOR USE AND OCCUPANCY OF COMMUNITY HOME
The next assignment of error concerns whether the trial court erred in awarding $29,400 in rent to the community for Richard's use and occupancy of the family home. Specifically, Richard contends the trial court erred in admitting evidence of the rental value of the family home and its valuation of the total rent due.
Prior to the enactment of LSA-R.S. 9:374 (former 9:308) Louisiana courts held that following the termination of the community, a non-occupying spouse could not receive rent for the other spouse's use and occupancy of the family home pending the partition of the community unless the use of the family home is to the exclusion of the non-occupying spouse. Williams v. Williams, 509 So.2d 77, 79 (La.App. 1st Cir.1987); Michel v. Michel, 484 So.2d 829, 831 (La.App. 1st Cir.1986); Lentz v. Lentz, 411 So.2d 59, 61 (La.App. 4th Cir.1981); Guilott v. Guilott, 326 So.2d 551, 555 (La. App. 3rd Cir.1976), writ refused, 330 So.2d 316 (La.1976). However, on an unjust enrichment rationale, this court later affirmed the lower court's award of a credit for one-half of the rental value of the family home to the non-occupying spouse for the other spouse's use and occupancy of the family home. Patin v. Patin, 462 So.2d 1356, 1358 (La.App. 3rd Cir.1985), writ denied, 466 So.2d 470 (La.1985). Judge Domengeaux, as organ for this court, stated:
"The community existing between the parties was terminated by the judgment of separation and from that point on, but for her use of the community home Mrs. Patin would have been forced to pay rent, as Mr. Patin was forced to do. The funds that she would have been forced to pay as rent have remained in her control for investment purposes. This use has benefited her separate estate and Mr. Patin was properly reimbursed for one-half the value of the community property used at the time it was used to benefit Mrs. Patin's separate estate."
LSA-R.S. 9:374, effective September 6, 1985, provides in pertinent part:
"C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court."
This statute has been interpreted as curative and remedial in nature and can be applied retroactively in partition actions *947 where a spouse occupied the family home before its effective date. Burrell v. Burrell, 518 So.2d 569, 571 (La.App. 4th Cir. 1987).
In the case sub judice, we pretermit the issue of retroactive application of LSA-R.S. 9:374 since the statute, as we and our brethren of the First Circuit interpret it, does not apply to circumstances where a spouse occupies the family residence not pursuant to any agreement with the other spouse or to any court order.
In Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir.1989), our brethren interpreted LSA-R.S. 9:374 to mean that a spouse awarded the use and occupancy of the marital home pending the judicial partition of the community, shall not be liable to the other spouse for rental payments unless agreed to by the spouses beforehand or unless ordered by the court at the time the spouse is awarded occupancy of the home. This statute creates a rebuttable presumption that no rental payments are due unless one of the two aforementioned conditions is met. This is a well-reasoned interpretation of the statute since a contrary interpretation would place an occupying spouse in the precarious position of having to pay back rent to the community for his or her occupancy and use of the family home even where no agreement was reached by the spouses beforehand and no court-mandated payment was rendered at the time of the occupancy award of the family home.
In the present case, the judgment of divorce is silent as to any court-ordered payment of rent by Richard and the record contains no evidence of any agreed-upon rental amount by Richard and Deborah. Therefore, no rent is due from the date of their physical separation in December of 1983 through the termination of the community on January 15, 1985.[1]
However, regarding the time period following the termination of the community, Richard is accountable for his use and occupancy of the family home. As this court stated in Patin, supra, but for his use of the community home, to the exclusion of Deborah, Richard would have been forced to pay rent for housing elsewhere. Moreover, Richard's transformation of the family home into the marital home with his second wife cannot be characterized as anything but use of the family home to the exclusion of Deborah, a co-owner. Therefore, Richard owes rent commencing with the termination of the community on January 15, 1985, and for as long as he uses the family home to Deborah's exclusion.
The record fails to show the actual rental income calculations made by the lower court in arriving at the $29,400 figure; therefore, the case will be remanded for resolution of these issues in accordance with this opinion.
Our remand on the issue of rental income pretermits Richard's final assignment of error since he may seek a complete partitioning of the community in the lower court.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded.
IT IS ORDERED, ADJUDGED and DECREED that the trial court's award of $29,400 rental income is reversed and this case is remanded for consideration in accordance with this opinion. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between appellant, Richard W. Herrell, and appellee, Deborah May Herrell.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] A judgment of divorce terminates a community property regime retroactively to the date of filing of the petition for divorce. LSA-C.C. Art. 159; McCarron v. McCarron, 498 So.2d 1139, 1141 (La.App. 3rd Cir.1986), writ denied, 501 So.2d 233 (La.1987).