613 So.2d 1159 (1993)
Wallace W. BARR, III
v.
Sharon Difatta BARR, Wife of Wallace W. Barr, III.
No. 92-CA-715.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
Rehearing Denied March 17, 1993.
*1161 John H. Brooks, Gretna, for defendant/appellant Sharon Difatta Barr, wife of Wallace W. Barr, III.
Henry Hoppe, III, Slidell, for plaintiff/appellee Wallace W. Barr, III.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Wallace W. Barr, and defendant, Sharon Difatta Barr, appeal from the judgment which partitioned their community property. For the reasons which follow, we amend the judgment, and as amended, affirm.
The parties were married on April 13, 1973. Two children were born of the marriage. They physically separated on July 16, 1987. The community was terminated on September 22, 1987.[1] Thereafter, a Petition for Partition of Community Property was filed on November 29, 1989. The matter was heard on April 22, 1991 and taken under advisement. Defendant was represented by counsel and plaintiff appeared in proper person. As pointed out by the trial judge, "this has been a bitterly contested domestic action. In the partition the parties have made claims for reimbursement for separate funds, for property missing, and have submitted lists of property that included such items as a `scraper', pens, pins, blankets and even a paper towel holder." On December 6, 1991 the trial judge rendered judgment, partitioning the community property and both parties have appealed.
Defendant assigns eight errors concerning various items addressed in the judgment. We will treat each of them in order.

I. The Rolex Watch.

Defendant contends that the trial judge erred in assessing the value of the man's Rolex watch at $7,080, arguing that it should have been valued at $12,500, the appraisal value. Plaintiff, on the other hand, argues that the trial judge erred in finding that the watch was community property, because it was purchased with separate funds.
The trial testimony revealed that a man's Rolex watch was purchased during the marriage on February 16, 1985. Plaintiff alleges that the watch was purchased with $1,000 cash, which was community property, and the remainder was paid by the exchange of old jewelry which he had acquired before his marriage (separate property). The bill of sale had the block marked "cash" checked off and the price of the watch was designated at $8,745. Plaintiff testified that he lost the watch on May 17, 1986 and State Farm paid a loss claim of $7,780. With this sum, plaintiff purchased another Rolex watch on July 1, 1986 for $8,250. On the date of purchase it was appraised by the selling jeweler for $12,500. This watch was missing at the time of trial.
The trial judge, in his reasons for judgment, considered the argument of each party in deciding that the watch was community property and assessing its value at $7,080.
We agree with the trial judge that the watch was community property. It was purchased during the existence of the community and therefore presumed to be community property. La.C.C. art. 2338. The trial judge found that plaintiff did not overcome that presumption by his testimony alone and without corroborative proof. *1162 The bill of sale for the watch did not support plaintiff's testimony that the watch was purchased with the exchange of old jewelry. The bill of sale showed "cash".
The trial judge further ruled that the appropriate value of the watch was set by the insurance payment for the lost watch ($7,080[2]). Defendant argues that the appraised value of $12,500 should be used as the value of the watch.
The appraisal, referred to by defendant, was made by the selling jeweler on the same day as the sale, in an amount more than $3,500 in excess of the selling price. Rather than using the appraised value, the trial judge relied on the sum that the insurance company paid for the loss of a similar watch. We find clear error in the trial judge's reliance on that figure. On July 1, 1986 the watch was purchased for $8,250. The purchase price is uncontradicted. There is no persuasive evidence that it was worth more, or less, when the community ended. Accordingly, we amend to $8,250 the value placed on the Rolex watch. Since plaintiff was last in possession of the watch, its value is attributed to him.

II. Post Divorce Rent For Use of the Family Home.

The trial judge awarded plaintiff $7,475 for post divorce rent, for use of the family home (community property) by defendant, her new husband and the parties' two children. Defendant contends that under La.R.S. 9:374(C) no rent is due because the matter was previously considered and rent was not awarded.
La.R.S. 9:374(C) provides:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Defendant argues that under this provision, because rent was not previously ordered, plaintiff is precluded from receiving rental reimbursement. Defendant relies on the case Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir.1989) in support of her argument. In that case, the First Circuit interpreted La.R.S. 9:374(C) to mean that a spouse, awarded the use and occupancy of the marital home pending the judicial partition of the community, shall not be liable to the other spouse for rental payments unless agreed to by the spouses beforehand or unless ordered by the court at the time the spouse is awarded occupancy of the home.
There is a conflict in our appellate circuits on this issue. The Third Circuit has reached a contrary result in LeBlanc v. LeBlanc, 490 So.2d 763 (La.App. 3rd Cir. 1986). In that case, the trial judge expressly refused to award rent to the wife in an earlier judgment, granting the husband use of the community property. Thereafter, in the partition proceeding, the trial judge ordered rental reimbursement for the time that the husband occupied the family home, despite the earlier ruling. The Third Circuit affirmed the judgment on this point, reasoning that "[t]he statute clearly establishes that a decision to award rent to a non-occupant spouse rests within the discretion of the judge." The court reasoned that the earlier judgment denying rent was interlocutory in nature and subject to change in the final partition judgment. In a more recent case, the Third Circuit stated, in allowing a later award for rent, that La.R.S. 9:374(C) creates a rebuttable presumption that no rental payments are due unless agreed upon by the spouses beforehand or ordered by the court at the time the spouse is awarded occupancy of the family home. Herrell v. Herrell, 594 So.2d 943 (La.App. 3rd Cir.1992). In again affirming the later rent award, the court in Herrell held that, where the record was silent on rental payments, the court could award rental reimbursement later, at the time of the partition of the community property. The court relied on its earlier *1163 decision, Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.1985), and equity, to find that where the community property was occupied by one spouse to the exclusion of the other, as in the case of remarriage, rent was owed for the use of the community property.
This circuit has not previously addressed the issue of whether a judge is precluded under La.R.S. 9:374(C) from awarding rent for use of the community property, pending the partition, where no such rent was awarded at the time the use was designated.
This case falls somewhere between the above cases. The record here is not silent on the question of whether rental reimbursement was due for the wife's use of the community property pending the partition. In an earlier support order, as admitted in brief by plaintiff, defendant was awarded use of the family home and, by consent of the parties, no rent was due. However, as of September 24, 1990, the circumstances changed. After a hearing, the trial judge ruled, "From this day forward possibly he may be entitled to rental...." Therefore, the record in this case is not silent on the question of rental. The trial judge contemplated the exact request made here, a claim by plaintiff for rental reimbursement for the time period from September 24, 1990, while defendant lived in the family home with her children and new husband, until April 26, 1991, when the property was sold. Such a request is not precluded by La.R.S. 9:374(C), where it was ordered by the court previously.
Therefore, we hold that the trial judge did not err in ordering the rental reimbursement from September 24th 1990 to April 26, 1991. But, where the parties had previously agreed that no rent was due from the time of divorce to the hearing which changed the order, the court clearly erred in retroactively ordering rental reimbursement for that period.
Plaintiff should be awarded rental reimbursement of $325 per month, as set by the trial judge, only for the seven months between September 24, 1990 and April 26, 1991. Accordingly, the judgment is amended to reflect an award for rental reimbursement of $2,275.

III. Values of IRA and Stock Participation Account.

Defendant contests the values of three IRA accounts and a Bell South Mobility stock participation account. Concerning the latter, we find no error in its valuation. The Bell South Mobility account was valued at $4252.78. Defendant argues that the trial judge erred in so valuing that account because it should have been valued at $6779.70, to reflect the increase in value from the time of divorce until the partition. The trial judge expressly considered this argument and rejected it, finding that documents introduced at trial did not establish how much, if any, interest had accrued in this account since the date of the divorce. There was evidence that plaintiff had made contributions to the account, post divorce, to which defendant was clearly not entitled. This was within the discretion of the trial judge and we feel that there is no abuse shown. Therefore, the Bell South Mobility account value of $4,252.78 is affirmed.
Concerning the three IRA accounts, plaintiff introduced into evidence documents showing the updated sums in those accounts. All parties acknowledged that they should be valued as of the date of the partition. Therefore, those accounts should have been valued in accord with the updated exhibit, and are amended as follows:
American Capital Acct. No. 14/XXXXXXXXXX valued at $5,156.63; and American Capital Acct. No. 14/XXXXXXXXXX valued at $581.00; and Pioneer Acct. No. XXX-XXXX-XXXXXX valued at $1,721.41.
In addition to these increases, we agree with the trial judge that any other interest accrual from trial until judgment should be equally divided between the parties. As amended, we affirm these values.

IV. Separate Property of Defendant Used for Community.

Early in the marriage, defendant received $2,900 in a personal injury settlement *1164 and deposited it into a community account. The trial judge ruled that she was not entitled to be reimbursed for these funds. He noted that she had commingled the separate funds with community property and that they were not traceable.
Defendant argues that the commingling, if it occurred, is not relevant. This is a claim for reimbursement for separate funds spent to enhance the community. The trial judge ruled against defendant, noting that her own expert could not identify on what the separate funds had been spent. The trial judge found that defendant had not met her burden of proof.
First, the funds were commingled with community property. Thereafter, they became untraceable. Defendant did not establish that they were used to enhance the community. This argument has no merit and we affirm the trial judge that defendant is not entitled to reimbursement of those funds.

V. Community Funds invested in Plaintiff's Separate Property.

Defendant argues that $4,180.17 of community funds was invested in a house that was plaintiff's separate property. She argues that the community should be reimbursed for the expenditure of these funds. The trial judge ruled that no reimbursement was due because defendant failed to prove that the property was enhanced in value due to the expenditure of these funds. Furthermore, the major part of the money was used to pay the mortgage note on the property, which the parties were using as their family home. As such, only the sum spent on the principle is reimbursable, not that spent on interest. There was no breakdown provided by defendant of the amount spent on principle. Therefore, the trial judge ruled that she was not entitled to reimbursement. We disagree.
Defendant argues that, under La.C.C. art. 2366, a spouse is entitled to reimbursement for the community property used, not the enhanced value. Therefore, whether the property was enhanced in value or not, she is entitled to reimbursement for ½ of $1514, the amount spent on improvements to the property.
Plaintiff concedes this point in his brief. Accordingly, we find that defendant is entitle to reimbursement for $757, representing her ½ of community funds that were used to improve plaintiff's separate property.

VI. Undivided Movables.

Defendant presents to this court a list of 20 items, valued by her at $4,905, which she contends were omitted from the community property settlement. She contends that they are in the possession of plaintiff and she is due credit for them.
From the record before us, it is impossible to confirm defendant's claim in this regard. The judgment refers to movables in "Attachment A", valued at $4,324, being awarded to plaintiff and movables in "Attachments B and C", valued at $3,105 and $3,622 respectively, being awarded to defendant. Attachments A, B and C are not part of the record, which was designated by the parties. Furthermore, if defendant is correct that these items were omitted from the community property division, then they remain property owned in indivision by the parties and subject to future partition. Accordingly, we find this assignment of error lacks merit.

VII. Insurance Expenditures on Family Home.

The family home was damaged by a tornado on May 5, 1989. An insurance company paid the parties $19,838.21 for the damage. Plaintiff received the funds. At the hearing, he testified that he spent $18,046.40 on repairs to the home. The court ordered reimbursement to defendant for ½ of the balance, $895. Defendant argues that the trial judge erred in finding that $18,046.40 was spent on the repairs. Rather, she argues that only $14,346 was spent and that she is owed further reimbursement.
Plaintiff testified concerning the repairs to the home. He had canceled checks and testified to various expenditures, with attendant prices, which the court added to *1165 arrive at the $18,046.40 sum. The trial judge is afforded wide discretion in these matters and credibility determinations are not reversed unless shown to be clearly wrong. We find no such showing here. The determination that defendant is due $895.90 in reimbursement for the insurance proceeds that were not expended on repairs is affirmed.

VIII. The Tools.

This issue involves a dispute over some work tools. Under court authorization plaintiff came to the family home and boxed certain tools. Thereafter, it is unclear what happened to the tools. Defendant contends that plaintiff took them. Plaintiff contends that defendant hid them or had them removed. The trial judge heard testimony and ruled that the tools were in the control of defendant when they disappeared and thus, she should be charged with them. Defendant argues that the court erred in this regard.
This is a question that turns on the credibility of witnesses. The trial judge, in the best position to make such a determination, held that defendant be charged with the tools. It should be noted that the Rolex watch, which disappeared while in plaintiff's control, was charged to plaintiff by the trial judge. We find no error by the trial judge, charging defendant with the value of the missing tools.
In plaintiff's appeal, he assigns five errors, but has only briefed and argued three. Therefore, we will consider only those three.

I. & II. Irregular Presentation of the Case.

Plaintiff normally presents his case first. However, defendant had an expert witness, present in court, and requested that she be allowed to testify first in order to save expenses. Plaintiff, who represented himself at the hearing, did not object. Now, represented by counsel, plaintiff argues that this was error. Further, plaintiff's counsel argues that hearsay was admitted during the expert's testimony which prejudiced his client. There was no contemporaneous objection made to said hearsay. Plaintiff's counsel contends that plaintiff was severely prejudiced by his representation of himself at trial. Plaintiff wants the judgment set aside and the case remanded so plaintiff can relitigate the matter with an attorney.
Plaintiff chose to represent himself at the hearing, despite the fact that he had counsel at earlier stages of this lengthy domestic dispute. He was cautioned against representing himself by the trial judge, but nevertheless refused to secure counsel. The record shows that the trial judge went out of his way to assist plaintiff during the hearing in an attempt to insure fairness. Plaintiff made this choice himself, despite court warning. Now, he is not entitled to relief as a result of his own choice. Furthermore, there is no reversible error in the fact that the trial judge allowed the defendant's expert to testify first. Such a decision is within the discretion of the trial judge and the record does not evidence abuse of that discretion. These arguments have no merit.

III. The Rolex Watch.

Plaintiff argues that the trial judge erred in not finding that the watch was his separate property. This issue has already been treated above. For the reasons stated previously, we find this argument has no merit.
Accordingly, for the reasons stated above, the judgment of the trial judge, partitioning the community property between the parties, is amended as follows: to place the value of the Rolex watch at $8,250; to update the values of the three IRA accounts; to provide for the equal division of any interest that accrued in the Bell South Mobility and three IRA accounts not covered by the trial court judgment; to award defendant $757 for reimbursement of her ½ of community funds used to improve plaintiff's separate property; and, to reduce the rental reimbursements awarded to $2,275. As amended, we affirm the judgment.
AMENDED AND AFFIRMED.
NOTES
[1] Only portions of the record were designated for appeal and this date cannot be verified by the record before us. However, both parties in brief, and the trial judge, in reasons for judgment, state it as a fact.
[2] The trial judge mistakenly used the figure of $7,080, instead of $7,780.