GAUDIN, Judge.
During domestic proceedings in the 24th Judicial District Court, Mrs. Wanda Jackson was granted exclusive use of the family home. Approximately four years later, Mrs. Jackson’s husband Robert made a claim for rental owed the community estate during Mrs. Jackson’s occupancy. On August 19, 1992, the trial judge ruled in favor of Mr. Jackson, to wit:
“IT IS ORDERED ... that Mr. Jackson is entitled to an assessment of rents in connection with Mrs. Jackson’s use and oc *359 cupancy of the community domicile. This Court finds that the current law in this Circuit does not require that rents be awarded at the time as use and occupancy of the home is awarded.”
We set aside this judgment, finding, on the record before us, an abuse of district court discretion. The trial judge apparently ordered an accounting without first having a contradictory hearing in open court and perhaps without considering whether such an accounting was appropriate.
Exclusive use and occupancy of either the husband or wife in a domestic case is authorized by LSA-R.S. 9:374(C):
“A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community ... shall not be liable to the other spouse for rental for the use and occupancy unless otherwise agreed by the spouses or ordered by the court.”
(Underlining provided.)
Here, the court did not provide for a rental credit when Mrs. Jackson and the two minor Jackson children were awarded exclusive use of the house at 4021 Sierra Street in Marrero, Louisiana on April 11, 1988. It wasn’t until May 27, 1992 that Mr. Jackson made a claim for rental value. While the appealed-from judgment does not specify the starting time for assessment of the rental credit, we assume the trial judge was providing for a four-year credit beginning April 11, 1988.
The April 11, 1988 judgment, signed by Judge Patrick J. McCabe, provides for a divorce, custody and visitation as well as giving Mrs. Jackson use and possession of the family home. Mr. Jackson was ordered to pay the $358.00 monthly mortgage note in lieu of direct child support. The trial judge at that time could have provided for a rental credit due the community estate but the judgment is silent in this regard.
The next judgment in the record is dated December 7, 1989 and is signed by Judge Charles v. Cusimano II. It states:
“Considering the stipulation and agreement of the parties as dictated of record:
“IT IS ORDERED, ADJUDGED AND DECREED that the rule for support ar-rearage is dismissed as moot.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rule for support increase is made absolute for the period from April 24, 1989 through November 30, 1989 in that Robert Lee Jackson shall pay to Wanda Marie Williams Jackson as child support the sum of $1,250.00, payable in monthly installments of not less than $100.00 per month commencing January, 1990 and continuing each and every month thereafter until paid in full.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, taking into consideration the fact that the older child of the marriage became eighteen years of age on December 1, 1989, Robert Lee Jackson shall pay directly to Wanda Marie Williams Jackson as child support the sum of $359.00 per month effective December, 1989 and each month thereafter until further orders of the court.”
While this judgment does not mention Mrs. Jackson’s use and occupancy of the community dwelling, the fact that she and at least one child remained in the home is not in dispute.
Mr. Jackson petitioned for a partition of community property on March 21, 1990. He filed a first amended petition on January 21, 1992; however, in neither his pleading nor in the March 21, 1990 petition did he request a claim for rental owed by Mrs. Jackson to the community. Finally, in a second amended petition filed on May 27, 1992, he asserted such a claim.
A hearing on the partition was scheduled August 19, 1992. By that time, all contested issues had been amicably resolved except the issue of rent. A pre-trial conference was held in chambers and both parties presented their respective arguments. The case was then continued to be reset, according to the minute entry. It appears that no testimony was taken in open court. There is no transcript.
The following day (August 19th), the judgment in favor of Mr. Jackson was *360 handed down. From the judgment’s wording, it appears that the major if not the only matter of concern was whether the trial judge, considering the statute and the jurisprudence, could go back and retroactively set a rental value for use and occupancy. R.S. 9:374(C) does not say when a rental value should or must be provided for. Concerning this issue, the Supreme Court of Louisiana has not ruled directly on point. The circuit courts of appeal are divided, reference the conflicting cases cited by both appellant and appellee.
The April 19, 1992 judgment in the instant case says that Mr. Jackson is “entitled to” an assessment. Nothing in the record supports this other than the possibility that procedurally Mr. Jackson should be given a chance to show that the community is deserving of a rental credit. When use and occupancy was awarded to Mrs. Jackson, we do not know how or to what extent such an award influenced the amount of child support Mr. Jackson was ordered to pay. When one spouse, usually the wife, is given use and occupancy of the family home, this almost always lowers the alimony and/or child support ordered paid by the other spouse. This is both fair and reasonable. Stated otherwise, had Mrs. Jackson not been allowed use and occupancy and had she been required to seek other shelter for herself and the minor children, it is highly probable that Mr. Jackson would have had to pay more than the monthly mortgage. By remaining in the family home, Mrs. Jackson helped preserve a community asset.
Nonetheless, the final trial judge, Alvin Oser, ordered an assessment of rents. By so doing, in effect he financially changed the terms and conditions of prior judgments rendered by Judges McCabe and Cu-simano. Without an open hearing, without stated and valid reasons and without a transcript, we must find the August 19, 1992 judgment an abuse of discretion.
Accordingly, we do not have to rule on whether Mr. Jackson had the procedural right to an after-the-fact accounting. At least one member of this panel is in agreement with the First Circuit cases, Bolden v. Bolden, 524 So.2d 10 (La.App. 1 Cir.1988), and Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1 Cir.1989), holding that the spouse awarded use of the marital home cannot be liable for rent payments to use of the marital home cannot be liable for rent payments to the community unless ordered to pay at the time use and occupancy is allowed.
The only decision of note from this Circuit is Fouchi v. Fouchi, 547 So.2d 1140 (La.App. 5 Cir.1989), in which this Court refused to order an accounting, finding no manifest error by the trial judge. This Court did say, however, that the trial court “... had before it a panoramic view of this case and clearly did not find an award of rental to be warranted under the particular facts of the case.”
Judge Oser, unfortunately, did not have a panoramic overview of the Jackson case as it proceeded for over four years through the district court. It would likely be improbable for any 24th Judicial District Court judge to have a four-year domestic overview as judges of this district rotate on and off several domestic divisions. Newly-elected district judges are assigned to domestic duty and usually remain in these divisions until other judges are either elected or appointed ad hoc. In the instant Jackson case, at least[1] two elected district judges and an ad hoc judge rendered judgments within a four-year span.
We reverse the August 29, 1992 ruling and remand for a contradictory hearing in the 24th Judicial District Court. The assessment of costs is pretermitted.
REVERSED AND REMANDED.

. The entire record was not lodged in this court. There may be other judgments we are unaware of.