632 So.2d 1180 (1994)
Brenda Dufresne MADERE
v.
Michael D. MADERE.
No. 93-CA-610.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1994.
*1182 Barry J. Landry, Becnel, Landry & Becnel, Reserve, for plaintiff-appellee.
Harry R. Cabral, Cabral & Cabral, Metairie, for defendant-appellant.
Before GAUDIN and CANNELLA, JJ., and JOHN C. BOUTALL, J. Pro Tem.
JOHN C. BOUTALL, Judge Pro Tem.
This appeal concerns a partition of community property. The parties, Brenda Dufresne Madere and Mark David Madere, were married on November 28, 1969 and divorced by judgment signed on March 8, 1985, retroactively terminating the community of acquets and gains as of August 22, 1984, the date Mrs. Madere filed her Petition for Divorce. On January 29, 1991, husband/appellant filed a Petition for Partition of Community Property. Testimony was heard on October 17 and November 14, 1991. Judge Malik rendered judgment on October 30, 1992. Husband/appellant, Mr. Madere, urges the trial court's error in several aspects of the judgment, namely, the value of the community home, the rental value of the community home post-separation, the present value of the DuPont Pension Fund, the status (community or separate property) of an IRA purchased by husband, the status of a $5,000.00 certificate of deposit, proof of the wife's repayment of a $3,000.00 community loan, and reimbursement due husband from the sale of a 1974 Ford Torino (community property). Wife/appellee asserts the correctness of the trial court's judgment. For the reasons which follow, we amend the judgment and, as amended, affirm.
Initially, we address appellant's assertion that we should not afford the trial court's judgment the usual appellate standard of review of abuse of discretion, Reeves v. Reeves, 607 So.2d 626 (La.App. 2nd Cir. 1992), writ denied, 608 So.2d 1010 (La.1992), i.e., the trial court has great discretion in effecting a fair partition. Appellant specifically refers to personal problems which led to the trial judge's well-publicized resignation on October 8, 1992. We note no pertinent jurisprudence calling for this Court to change our standard of review, nor, upon review of the entire record, do we see any cause why the trial court should not be afforded the usual standard of review of great discretion.
First, Mr. Madere argues that the trial court erred in accepting Mrs. Madere's appraiser's value of the family home, $43,000.00, rather than accepting his appraiser's value of $50,000.00, or, alternatively, averaging the two values.
Mr. Madere's appraiser, Mr. Bennett Oubre, was accepted by the court as an expert in the field of residential real estate appraisal. He testified that he inspected the family home, located at 303 E. Fifth Street in La-Place, on October 10, 1990. Based upon an inspection of the property, market data research, and statistical analysis, Mr. Oubre appraised the property at $50,000.00. It was his opinion that this value continued to be proper at the time of trial.
Mrs. Madere's appraiser, Mr. Delton Arceneaux, is a realtor and owner of Arceneaux Realty, having been a broker and licensed realtor for about 25 years. He was not, however, a certified appraiser, but was accepted by the court as "a realtor with twenty-seven years experience who's previously been recognized as an appraiser of one-family residential dwellings." He testified that he inspected the property on September 21, 1989, and appraised it for $43,000.00. He noted that the property was very well maintained, but was located near several rental properties, which he opined would have a negative impact on its value. Mr. Arceneaux himself owned rental property in the immediate area, and testified at length regarding his appraisal methods and the many factors he considered in arriving at his valuation of the home. It was his opinion, also, that his valuation remained proper at the time of trial.
The evidence of an expert witness is to be weighed by the trier of fact the same as any other evidence, and the trial judge is not bound by one expert or the other, but may accept one or disregard the expert testimony altogether. D'Spain v. D'Spain, 527 So.2d 309 (La.App. 5th Cir.1988). We see no abuse of discretion in the trial judge's choice of *1183 Mrs. Madere's appraisal as opposed to Mr. Madere's. Both appraisers were accepted by the court as experts, but Mr. Arceneaux's testimony indicated a greater familiarity with the property in question. Therefore, we decline to disturb this finding.
Second, Mr. Madere contends that the trial court erred in the amount it awarded him for rental value of the family home between the date of the termination of the community and its partition. Mrs. Madere and the parties' son (Adam) occupied the family home during this time as per the parties' extra-judicial agreement. Mr. Madere agrees with the trial court's finding that the rental value of the home was $34,642.50. At trial, Mr. Madere claimed one-half of this, or $17,321.25. In its judgment, the trial court disallowed his claim by one-half, awarding him $8,660.63. The court based its action on the fact that the parties' son lived with the mother in the family home. Mr. Madere disagrees, arguing that the trial court's action makes him responsible for his son's entire living expenses, and that a more equitable result would be to split Adam's living expenses. Thus, each party would be liable for $4,330.32, making the award to Mr. Madere $12,990.93 ($8,660.61 + $4,330.32). On the other side, Mrs. Madere argues that the trial court's award of any rental reimbursement to Mr. Madere was improper, because the award is contrary to statutory law and jurisprudence.[1] We agree that Mrs. Madere's assertion accurately reflects the prevailing view in this circuit; however, as she neither perfected an appeal nor filed an answer to Mr. Madere's appeal, we are without authority to disturb this award in favor of Mr. Madere. See LeBlanc v. Modern Flooring, 596 So.2d 543 (La.1992) and Barnes v. Southern Investors Property Management, Inc., 423 So.2d 1196 (La.App. 5th Cir.1983).
Next, Mr. Madere argues that the trial court erred in assessing the present value of the DuPont pension fund. Specifically, he argues that the trial court erred in accepting appellee's accountant's calculations when the accountant was not an expert in pension fund valuation.
Community property interests in pension and retirement funds are partitioned according to the formulas found in Hare v. Hodgins, 586 So.2d 118 (La.1991). In the instant case, both parties' accountants[2] testified that they applied the formulas from Sims v. Sims,[3] and the Hare opinion to the figures supplied by DuPont, yet each reached different results. Each accountant gave exhaustive, detailed testimony under both direct and cross-examination as to their methods of calculations and results obtained thereby. Clearly, the trial court was faced with evaluating the calculations of two qualified and credible expert witnesses, and chose one in preference to the other.
A court of appeal may not set aside a trial court's finding of fact in absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility *1184 and reasonable inferences of fact should not be disturbed upon review. Rosell v. ESCO, 549 So.2d 840 (La.1989). Therefore, we decline to disturb the trial court's finding.
Next, Mr. Madere contends that the trial court erred in classifying an IRA he purchased as community property rather than separate property.
Both Mr. and Mrs. Madere testified that after their divorce, they voluntarily divided a savings account containing $14,000.00, each receiving $7,000.00. Mr. Madere testified that he used part of this money to purchase a $2,000.00 IRA. However, Mr. Madere also testified that he withdrew approximately $3,965.00 from a DuPont thrift savings account on December 19, 1983 (prior to the dissolution of the community) and used part of those funds to purchase the IRA.
Property acquired during the existence of the marriage is presumed to be community in character. LSA-C.C. art. 2340. This strong presumption can only be overcome by clear and convincing evidence. Reeves v. Reeves, supra. The parties each admitted that both the savings account and DuPont thrift savings account were community property. After the parties divided the $14,000.00 savings account, Mr. Madere's $7,000.00 became his separate property. LSA-C.C. art. 2341. However, Mr. Madere failed to sustain his burden of proof regarding the source of the funds used to purchase the IRA. Therefore, the trial court did not err in classifying the IRA as community property.
Mr. Madere contends that the trial court erred in not ruling that a $5,000.00 certificate of deposit (CD) was community property. At trial, Mrs. Madere stated that the $5,000.00 CD belonged to the parties' son, Adam, and contained money given to Adam by various relatives for Christmas and birthday gifts over the years. She testified that it had originally been issued in all three names (her's, her son's and Mr. Madere's) but that she caused Mr. Madere's name to be removed when he became separated from his second wife. Regarding the interest earned on the CD, Mrs. Madere testified that she collected it in a passbook savings account and then added it to the principal amount of the CD when it renewed.
Mr. Madere did not rebut any of Mrs. Madere's testimony. He stated that he thought the CD might be Adam's, but was unsure. Therefore, the trial court was not manifestly erroneous in finding the $5,000.00 CD to be Adam's property, not community property.
Regarding Mrs. Madere's repayment of one-half of a community debt of $3,000.00, the judgment is silent as to this item. Contrary to appellant's claim, nowhere does the judgment address this issue. Mrs. Madere testified that she had repaid this debt, but did not have a receipt with her at the trial. It does not appear that this item was in any way applied to Mr. Madere's detriment, and as the judgment is silent in this regard, we do not address this issue.
Finally, Mr. Madere argues that the court erred in refusing to award him reimbursement for the sale by Mrs. Madere of a 1974 Ford Torino that was community property. Appellant alleged that Mrs. Madere had sold the car for $1,100.00, but only gave him $200.00 of the proceeds. Mrs. Madere testified that she sold the car for $700.00 and gave appellant $200.00, as per an agreement she alleges (in brief) the parties had. Mr. Madere denies this agreement. The trial court found that neither party bore their burden of proof regarding the sale of automobiles, and declined to address this issue. However, we believe the trial court erred in not addressing this issue because there are proven and uncontested facts which are sufficient to support a decision. The parties agree that Mrs. Madere sold the vehicle and that she gave Mr. Madere only $200.00. While there is a dispute as to the price Mrs. Madere received, there is no dispute (and Mrs. Madere admits) that she received up to the amount of $700.00, yet she gave Mr. Madere only $200.00. Clearly, Mr. Madere is entitled to an additional $150.00, making his total reimbursement half of the proceeds, or $350.00.
For the reasons herein assigned, we amend the trial court's judgment to provide that Mrs. Madere owes Mr. Madere an additional *1185 $150.00 on the sale of the Ford Torino and as amended, affirm the trial court's judgment. Each party is to bear his own cost of the appeal.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] LSA-R.S. 9:374(C) reads:

A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court. (Emphasis supplied)
This Court held in Jackson v. Jackson, 620 So.2d 358 (La.App. 5th Cir.1993) and Barr v. Barr, 613 So.2d 1159 (La.App. 5th Cir.1993) that when the trial court does not order rental reimbursement to the non-resident spouse, nor have the parties agreed to it, and the record is silent as to this matter, it is improper for the trial court to make this award in a final partition of community property. However, as this Court pointed out in Barr, other circuits do not give LSA-R.S. 9:374(C) our narrow application.
In the instant case, the record is entirely silent regarding rental reimbursement until after the petition for partition was filed in 1991, when Mr. Madere included this item in his descriptive list. The court never awarded either party use and occupancy of the family home, nor addressed rental reimbursement. Both parties testified that it was agreed Mrs. Madere and Adam would occupy the family home, but that rental reimbursement was never discussed at any time until trial.
[2] Henry Cooper, C.P.A., testified for appellant. Appellee's accountant was Nolan Schexnayder, also a C.P.A.
[3] Sims v. Sims, 358 So.2d 919 (La.1978).